## THE CITY OF CHICAGO

*v.*

## HENRY PECK.

*Opinion filed April 16, 1902.*

1. EVIDENCE—*when authority of agent to execute instrument for corporation need not be proved.* A corporation necessarily acts by its agents, and if the execution of an instrument for a corporation is not denied by verified plea, then the authority of the agent need not be proved.

2. SAME—*failure of city to deny execution of lease by verified plea is an admission of execution.* Failure of a city to deny the execution of a lease by verified plea is an admission that it was executed by the city, and that the mayor, acting for the city, had authority to execute it, and in such case the lease is admissible in evidence without proof of its execution or the authority of the mayor.

3. SAME—*section 33 of Practice act applies to municipal corporations.* Section 33 of the Practice act, (Rev. Stat. 1874, p. 779,) which provides that no "person" shall be permitted to deny the execution of a written instrument except by verified pleas, establishes a rule of evidence embracing in its terms all persons, natural or artificial, and includes municipal corporations.

4. SAME—*when lease is admissible against city without proof of regularity of steps taken by city authorities.* If the lease sued upon is one which the defendant city had general power to make, the lease is admissible without preliminary proof that the authorities have taken the requisite steps to authorize the lease in the particular case, since, if they have not, the city must plead and prove such facts as render the particular lease illegal, if it desires to avoid the obligation. (*Dement v. Rokker*, 126 Ill. 174, distinguished.)

5. SAME—*what need not be proved in every suit against city.* A plaintiff is not required, in every suit against a city, to show that the city was not indebted beyond the constitutional limit, or that the expense involved in the contract sued upon did not exceed the appropriations.

6. SAME—*when proposed method of proving ownership is improper.* In an action against a city on a lease, the defendant has a right to prove that the plaintiff has conveyed his interest, or that it has been sold on execution, or that the estate was a limited one which had expired during the term; but it is not entitled to do so by naming over certain persons to a witness, on cross-examination, and asking him if such persons did not own a part of the premises.

*City of Chicago* v. *Peck*, 98 Ill. App. 434, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN M. GIBBONS, Judge, presiding.

CHARLES M. WALKER, Corporation Counsel, and WILLIAM H. FITZGERALD, for appellant.

CHURAN & SABATH, and E. U. FLIEHMANN, (CHARLES A. CHURAN, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The Appellate Court affirmed a judgment against appellant, recovered by appellee in the circuit court of Cook county for rent according to the terms of a lease, by which appellee leased to appellant certain property which it took possession of and used for purposes of a small-pox hospital.

The first point made in the argument in behalf of appellant is, that the trial court erred in admitting the lease in evidence. The execution of the lease was averred in each of the three special counts of the declaration, and a copy of it was annexed to and filed with the declaration. The only plea was the general issue, and it was not verified. Under the provisions of section 33 of the Practice act the defendant could not be permitted to deny, on the trial, the execution of the lease. (Hurd's Stat. 1899, p. 1288.) The statute establishes a rule of evidence and embraces in its terms all persons, natural and artificial. No exception is therein made in favor of municipal corporations, and under the rule enacted for the construction of statutes, the word "person" extends to bodies politic and corporate as well as individuals, where such construction is not inconsistent with the manifest intent of the legislature or repugnant to the context of the same statute. (Hurd's Stat. 1899, p. 1649.) The legislature have nowhere manifested an intention that municipal corpo-

rations shall not be governed by the same rules of evidence as other litigants, and the construction which includes them within the rule is not repugnant to any provision of the Practice act. The lease was alleged to have been executed by the defendant, and it purported on its face to be the instrument of the defendant. It recited that it was made "between Henry Peck, of the city of Chicago, county of Cook and State of Illinois, party of the first part, and the city of Chicago, in Cook county and State of Illinois, party of the second part." By its terms the party of the first part, Henry Peck, leased the premises therein described to the party of the second part, and the party of the second part, in consideration of such leasing, agreed to pay the rent therein stipulated, and, upon the expiration of the term, to remove all the buildings and other improvements placed thereon by it and to put the premises in the same condition as at the time it took possession. It recited that it was signed and sealed by the parties, and it bore the signatures and seals of Henry Peck and John P. Hopkins, mayor, and was approved by M. B. Madden, chairman of the finance committee. It did not purport to be a lease to the mayor nor an agreement on his part to pay the rent and restore the premises to their former condition. The only construction that can be put upon the lease is, that it is the instrument of the defendant executed in its behalf by the mayor. Where an instrument purports to be executed by an agent, the authority of the agent is a material part of the execution, and to admit the execution is to admit all the essentials to the execution. To require proof of the execution is to require proof of the authority to execute the instrument, and if the execution is denied by a verified plea, the authority of the agent constitutes an essential part of the plaintiff's proof. A corporation necessarily acts by its agents, and if the execution of the instrument is not denied by verified plea it is not necessary to prove the authority of the agent. (*Delahay* v.

*Clement*, 2 Scam. 575.) The failure to deny the execution of the lease by verified plea was an admission that it was executed by the city, necessarily including the fact that the mayor, acting for the city, had authority to execute it. It was not error to admit the lease in evidence without proof of its execution or of the authority of the mayor to execute it.

It is further insisted that the lease could not be admitted in evidence until the plaintiff had proved, first, a previous appropriation for the expense involved in the leasing by an ordinance duly passed by a vote taken by yeas and nays during the first quarter of the fiscal year, or if for a casualty during the year, by a two-thirds vote taken in the same manner; second, an ordinance authorizing the making of the contract; third, that the proposed contract was duly advertised; fourth, that bids were received, and that plaintiff was the lowest bidder. It is not denied that the defendant had power to rent the premises from plaintiff for a small-pox hospital. It is conceded that it had power to do all acts and make all regulations necessary or expedient for the suppression of that disease. In making the lease the plaintiff dealt with John P. Hopkins, the mayor, M. B. Madden, chairman of the finance committee, and the commissioner of public health. The defendant entered upon the possession of the premises, fenced the same, erected a small-pox hospital and buildings thereon, and occupied them for a legitimate and lawful purpose within its express powers. The making of the lease was within the general scope of the authority of the defendant, and in such a case, where there is general power to do an act, if the authorities have failed to take the requisite steps to authorize the act in the particular case, it must plead and prove the facts which render the particular contract illegal. The obligation is not *ultra vires*, as being beyond the authority conferred upon the defendant by its charter, and if it seeks to avoid the obligation on account of

its want of power it must make good its defense by plea and proof. (14 Ency. of Pl. & Pr. 243; *City of Chicago* v. *English,* 180 Ill. 476.) The defendant was required to take certain steps in the execution of the power, among which was the making of an appropriation to meet the expense. Contracts by a city are prohibited unless an appropriation has been made concerning the expense, and the officials cannot add to the expenditures anything over and above the amount provided by an appropriation. Whether the provision that all contracts for making a public improvement, where the expense exceeds $500, shall be let to the lowest responsible bidder after advertising, could be applied to this case or not, any defense of that nature must be made by special plea, and that was not done in this case.

Counsel claim that a contrary rule was laid down in *Dement* v. *Rokker,* 126 Ill. 174. That was a proceeding in *mandamus* to compel the commissioners of State contracts to certify petitioners' accounts to the Auditor of Public Accounts and to compel the Auditor to draw his warrant therefor and the Treasurer to pay the same. The defendants answered that the contract was not let to the lowest responsible bidder, but that there was an unlawful conspiracy to prevent competition in bidding, and that the contract was let in violation of the law authorizing it. The petitioners demurred to the answer, and thereby admitted the facts stated in it. The court held that if the facts alleged in the answer were true, the contract was illegal and could not be enforced, and as the demurrer admitted such facts, the judgment of the circuit court in favor of the petitioners was reversed. In *mandamus,* to entitle a petitioner to the writ, he must show a clear right to the relief sought, and even in that case the defense of illegality was raised by the answer. The commissioners of State contracts were not a corporation, but exercised a naked power purely statutory. It was not intended by anything said in that case to lay down the

rule that a contract of a corporation within the general scope of its powers is presumed to be unlawful until the contrary is proved. A city cannot become indebted beyond a certain limit and its officers cannot exceed the lawful appropriations in making contracts, but a plaintiff is not required, in every suit against a city, to show that the city was not indebted beyond the constitutional limit or that the expense involved in the contract did not exceed the appropriations.

It is also claimed that the court erroneously refused to allow defendant to show that plaintiff's title had terminated or expired. The court committed no error in that regard. The defendant, on cross-examination, asked a witness a number of questions in which different persons were named, and he was asked if such persons did not own part of the premises. If plaintiff had conveyed his interest, or if it had been sold under execution, or if his estate was a limited one and expired during the term, the defendant might prove such fact, but there was no attempt to do so. The proposed method of proving ownership was not proper.

It is further urged that the court erred in allowing plaintiff's witnesses to testify to mere conclusions. The testimony related to the time when the city of Chicago entered upon the premises, and whether it surrendered possession at the expiration of the lease, and what it did, if anything, toward surrendering possession. We do not regard the testimony as relating to mere conclusions, but to facts.

The trial was before the court without a jury, and the defendant moved the court to exclude the evidence and find for the defendant. The motion was denied, and this is assigned as error. The claim was for rent, according to the terms of the lease, after its expiration. There was evidence on the part of the plaintiff tending to prove a holding over by the defendant after the term. That testimony was contradicted, but the question whether the

finding was against the preponderance of the evidence was for the Appellate Court. The court could only exclude the evidence for the plaintiff, on the motion, if it did not fairly tend to prove the cause of action. The ruling, therefore, was not erroneous.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*