ALEXANDER W. HOPE

*v.*

THE CITY OF ALTON.

*Opinion filed February 21, 1905.*

1. ORDINANCES—*lawful ordinance has force of a statute within corporate limits.* An ordinance passed by the city council within the legislative power conferred by charter has the same force and effect within the corporate limits as a law passed by the legislature.

2. SAME—*party dealing with city is chargeable with notice of its ordinances.* An attorney dealing with a city is chargeable with notice of and is bound by an ordinance creating a legal department, providing for a corporation counsel and prescribing his duties, and providing that the city shall not, in any case, be liable for the services of any attorney except the corporation counsel.

3. MUNICIPAL CORPORATIONS—*contract by a city for legal services in violation of ordinance is void.* A contract for legal services made by a city in violation of a valid ordinance creating a legal department, providing for the appointment of a corporation counsel and providing that the city shall not be liable for the services of any other attorney, is without authority and void.

4. SAME—*city is not estopped to deny validity of contract made without authority.* A city is not estopped to deny the validity of a contract which it was without power to make.

5. SAME—*force of ordinance is not affected by resolutions.* The force and operation of an existing ordinance as a law is not affected by resolutions of the city council providing for the making of a contract in violation of the terms of the ordinance.

RICKS, C. J., and HAND, J., dissenting.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Madison county; the Hon. CHARLES T. MOORE, Judge, presiding.

B. J. O'NEILL, and B. H. CANBY, for appellant.

L. D. YAGER, Corporation Counsel, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellant brought this suit in the circuit court of Madison county to recover compensation for services alleged to have been rendered by him as an attorney for appellee. He alleged in a special count that he was employed by the defendant as attorney by virtue of two resolutions of the city council, one of which ratified and confirmed the action of the mayor and judiciary committee in employing him, and the other authorized the mayor to employ counsel for the city. The resolutions are as follows:

"WHEREAS, a large number of damage suits have been brought against the city of Alton, growing out of void and illegal ordinances passed by the Brueggemann administration, involving many thousand dollars, by Wolf, Maupin & Curdie, David Ryan and others; and whereas, it was deemed necessary to employ counsel to assist the corporation counsel, which has been usual and customary in such contingency in the past; and whereas, the mayor and the judiciary committee have employed Alex. W. Hope in these cases; therefore be it

"*Resolved,* That the action of the mayor and the judiciary committee in the employment of Alex. W. Hope be and the same is hereby ratified and confirmed.—Dated April 30, 1902."

"*To the Honorable Mayor and Members of the City Council:*

"GENTLEMEN—Your finance committee would respectfully report the following matter: That Truman A. Taylor, receiver, has filed an intervening petition in the case of The Farmers' Loan and Trust *vs.* The New England Water-works Company *et al.,* questioning the validity of the ordinance heretofore passed by this council fixing the rate per plug at $48 per annum, therefore it will be necessary for the city to protect her interests and establish the validity of this ordinance to defend this suit. Your committee recommended that the mayor, A. W. Young, be and he is hereby fully empowered and authorized to act for the city as fully as it might for itself, and to employ special counsel to appear in the United States court and defend the interest of the city in this suit.— Adopted March 10, 1903."

The defendant filed a special plea, which averred that by section 102 of article 1, chapter 5, of the Revised Ordinances of the city of Alton, passed and approved on August 13, 1889, there was established a law department of said city,

to include a corporation counsel and a city attorney; that by subsequent sections the office of corporation counsel was established, and it was provided that said corporation counsel should prosecute or defend in courts of record, on behalf of the city of Alton, in all cases in which the interest of said city, or any officer thereof, should be involved, and should advise the city council, or any city officer, in all matters of law; and that by section 108 of said article it was provided as follows: "In the case of the temporary absence or inability of the corporation counsel to attend to the duties of his office, he may, with the approval of the mayor and at his own expense, appoint or employ some competent attorney to act in his place; but the city of Alton shall not, in any case, be liable to pay for the legal services of any attorney, except such, only, as may be performed by the corporation counsel or city attorney." The plea then alleged that during all the time in which the supposed services were alleged to have been performed by the plaintiff the ordinance was in full force and effect, and that during all of said time there was a regularly licensed practicing attorney, competent to discharge all duties appertaining to the office of corporation counsel, holding that office and performing the duties thereof, as required by said ordinance. The plaintiff demurred to the plea and the court overruled the demurrer. The plaintiff excepted and elected to stand by the demurrer, whereupon judgment was rendered against him for costs. On appeal to the Appellate Court for the Fourth District the judgment was affirmed, and this appeal was prosecuted.

The ordinance set up in the special plea established a law department of the city and provided for the appointment of a corporation counsel charged with the duty of conducting the legal affairs of the city and prosecuting or defending suits, and provided that the city should not, in any case, be liable to pay for the legal services of any attorney except the corporation counsel or city attorney. The contract alleged by plaintiff, to pay him for services as an attorney, was there-

fore against the plain provision of the ordinance. The ordinance was binding not only on the city council, but upon the plaintiff, and he was bound to take notice of its provisions when dealing with the city. (21 Am. & Eng. Ency. of Law, —2d ed.—997.) The ordinance was a part of the Revised Ordinances of 1889, and was a local law of the municipality. Where an ordinance is passed by a city council within the legislative power conferred by the charter, it has the same force and effect within the corporate limits as a law passed by the legislature. (*Mason* v. *City of Shawneetown,* 77 Ill. 533; *Tudor* v. *Rapid Transit Railroad Co.* 154 id. 129; 21 Am. & Eng. Ency. of Law,—2d ed.—996.) The ordinance did not prescribe a mere rule of procedure for the city council, which it could disregard at pleasure, but it was a binding law of the city, duly passed in the exercise of powers conferred by the charter. A municipal corporation which may sue and be sued or which has legal business to transact, unless restrained by its charter, may employ attorneys to conduct such business. (1 Smith on Mun. Corp. sec. 178.) But where, by ordinance, a law department is created, with a corporation counsel charged with the duty to perform such legal services as may be required by the city, with a provision that the city shall not be liable to pay for legal services of any other attorney, any contract made by the city council in violation of the ordinance is without authority and void.

Counsel say, however, that plaintiff might recover on the ground that when a city has power to make a contract in one way and exercises the power in a different mode, it will be estopped from setting up the illegal exercise of power when called upon to pay for what it has received under the contract. In other words, the proposition is that when a city gets what it had authority to get in some way, it should pay for what it gets, whether it exercised the power in the prescribed way or not. The obvious answer is, that this contract was prohibited by a valid ordinance, and that the city council had no right to make it in some other way or by

some other method. The city council had no authority, by any method or process, to agree that the city should pay for legal services to be rendered by the plaintiff, who was neither city attorney nor corporation counsel. The ordinance prohibiting such a contract was in full force and effect, and its operation as a law was in no manner affected by the resolutions. *People* v. *Latham,* 203 Ill. 9.

It is further contended that the city is estopped to deny its liability by the acts of the city council and its officers. The doctrine of *ultra vires* is applied with greater strictness to municipal bodies than to private corporations. (1 Smith on Mun. Corp. sec. 661.) Persons dealing with a municipal corporation are chargeable with notice of its powers to contract, and plaintiff was chargeable with notice of the ordinance in question. A municipal corporation is not estopped from denying the validity of a contract when there was no authority for making it. To hold otherwise would be to expose the tax-payer to all the evils which statutes or ordinances passed for his protection were designed to prevent. Cases where municipal corporations have been held to be estopped when acting in a private capacity in the performance of duties enjoined upon them are not in point in this case, both because the city had performed the duty by providing a law department, with officers to discharge its duties, and also because the contract was directly prohibited by the ordinance.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

Mr. Chief Justice Ricks, dissenting: The ordinance quoted, and on which the holding defeating appellant's right of recovery is based, I regard as a limitation upon the powers of the corporation counsel, but not as limiting the authority of the city to employ special or additional counsel when it deems such course proper. I therefore dissent.

Mr. Justice Hand, also dissenting.