THE COUNTY OF SCHUYLER et al. Appellees, vs. THE MISSOURI BRIDGE AND IRON COMPANY, Appellant.

*Opinion filed December 17, 1912.*

1. MUNICIPAL CORPORATIONS—*when authority of agent to sign contract for municipal corporation need not be proved.* If an instrument purporting to be executed by a municipal corporation is such an instrument as the municipality could, under any circumstances, execute, and its execution is not denied by a verified plea, it is not necessary to prove the authority of the agent who signed the same on behalf of the municipality.

2. PLEADING—*stipulation to introduce all proof under general issue does not waive requirement of verified plea.* A stipulation that the defendants may introduce, under the general issue, proof of all matters which might be offered if they had been specially

pleaded, does not cover such pleas as are required by the Practice act to be verified by affidavit.

3. CONTRACTS—*when defendant is estopped to deny validity of contract.* Where a bridge company which has entered into a contract with a county to build a bridge refuses to perform the contract upon the ground that one of its officers made a mistake in his figures, which made the bid of the company too low, it is estopped, in a subsequent suit to recover the loss to the county, to change its ground and deny the validity of the contract.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. W. E. HADLEY, Judge, presiding.

BISHOP & COBBS, and D. J. SULLIVAN, for appellant.

GEORGE B. STEELE, State's Attorney, and B. O. WILLARD, for appellees.

Mr. JUSTICE VICKERS delivered the opinion of the court:

The county of Schuyler and the commissioners of highways of Brooklyn township, in said county, entered into a contract with the Missouri Bridge and Iron Company, an incorporated company of the city of St. Louis, State of Missouri, for the construction of a bridge 140 by 14 feet, on tubes, according to the plans and specifications attached to said contract. The consideration for the building of the bridge was $3095, payable upon completion of the bridge. The contract was signed by appellant by R. B. Kilgore, agent, and on behalf of appellees it was signed by a committee of the supervisors composed of A. L. Curry, W. J. Thompson and J. F. Bartlow, and on behalf of the highway commissioners by W. H. Fowler, C. C. Russell and Charles Barrett. The contract was the result of a public letting, and appellant submitted a written bid agreeing to furnish all material and labor to complete said bridge on tubes, as per plans on file, for the sum of $3095, which bid was signed

"Mo. B. & I. Co., per R. B. Kilgore." This bid was accompanied by a check for $100 on the Third National Bank of St. Louis, as was required by the terms of the letting. The written contract was entered into on June 18, 1909. On June 29 appellant wrote a letter to Mr. Curry, who was a member of the committee that had charge of the letting of this contract, and who, with others, signed the same on behalf of the county. In this letter appellant says: "Mr. Kilgore made a mistake in his figures in figuring on your work on June 18. He is so low that this company does not feel justified in accepting the contract. We cannot, therefore, give bond, and we are returning the contract herewith. Can you not give the contract to the next bidder, whoever that may be, and thus save another letting? If you cannot, we do not want you to lose anything on our account, and we will pay the expenses of another meeting, which I presume will be in the neighborhood of $15 to $17, or we will take the contract at $3350 and allow the expenses of another meeting to ratify it. We are awfully sorry that this has happened, but we do not want to take the job and lose money on it, and we do not believe that you want us to do so. I hope you can see your way clear to let us have the contract at $3350. It is worth more money to do the work, but we are willing to do it cheap, inasmuch as Mr. Kilgore made this mistake." It was signed, "Mo. Bridge and Iron Co., per J. G. Garrett, Pres." It appears that after this letter was written appellant stopped the payment of the $100 check and the same was not paid. It is not pretended that there were any misrepresentations made to appellant's agent, and the mistake, if one was made, resulted from an error of judgment as to what it would cost to build the bridge. The agent had access to the blue-prints and all the information that was required to enable him to make an intelligent bid. After the refusal of appellant to carry out its contract another public letting was had and the contract was awarded to the Springfield Bridge Company at $4000, which was the

lowest bid submitted at the second letting. This suit was brought by the county and the highway commissioners of Brooklyn township to recover the difference between the cost of the bridge under the second letting and the price agreed upon with appellant. A judgment for the difference was rendered in the circuit court of St. Clair county, and that judgment has been affirmed by the Appellate Court for the Fourth District. The record is brought to this court upon a certificate of importance granted by two members of the Appellate Court.

The cause was tried in the circuit court without a jury. The declaration consisted of the common counts in assumpsit and a special count on the contract. Appellant filed the general issue and several special pleas. Before the trial was entered upon the parties stipulated that all special pleas would be withdrawn, and that any competent evidence that could be offered under special pleas properly drawn might be offered under the general issue.

Appellant contends that the contract sued on was void because of the failure of the highway commissioners to keep a correct record of the proceedings anterior to the letting of the contract. It is also contended that the contract was invalid as to the county because it appears that the three persons who signed the contract as a committee on behalf of the board of supervisors had been superseded by the appointment of another committee on bridges before the contract was signed. The evidence shows that the highway commissioners ordered their clerk to write an amended record of their proceedings relating to the letting of this contract, and this amended record was received in evidence over appellant's objection. Appellant has assigned errors questioning the validity of the contract for want of power in the agents of the municipalities to execute the same, and upon the rulings of the court upon the receipt of the amended highway commissioners' record in evidence. The admissibility of the records in evidence need not be considered.

The execution of this contract was not denied by a verified plea, and appellant was therefore in no position to question the authority of the agents who signed it on the trial. This rule applies to a municipal corporation as well as to an individual, and where an instrument purports to have been executed by a municipal corporation, if it is such an instrument as the municipality could, under any circumstances, issue, and its execution is not denied by a verified plea, then it is not necessary to prove the authority of the agent who signed the same on behalf of such municipality. (*City of Chicago* v. *Peck*, 196 Ill. 260.) Appellant's only answer to this contention is, that the stipulation entered into before the trial gave it the same benefit that it would have had had it filed a special plea, verified by affidavit, denying the authority of the agent to execute the contract. This point has been decided against appellant's contention. (*United Workmen* v. *Zuhlke*, 129 Ill. 298.) In the case above cited it was held that a stipulation that the defendants might introduce proof of all matters under the plea of the general issue that might be offered had the same been specially pleaded, did not cover such pleas as were required to be verified by affidavit under the Practice act. Under the pleadings in this case appellees were not required to introduce any preliminary proof showing what steps had been taken by the two municipalities prior to the letting of the contract, and the evidence was not admissible on behalf of appellant because it had not denied the execution of the contract by a plea verified as the statute requires.

There is still another reason why appellant cannot avail itself of the defense which it has sought to interpose. After the contract was executed by appellant's agent appellant refused to carry out the contract, and gave as a reason that its agent had made a mistake and had contracted at a figure for which the bridge could not be built without a loss, and offered in its letter to go on and perform the contract for $3350. By placing its refusal to perform the contract on

the ground, alone, that the price was too low, it thereby admitted the validity of the contract and estopped itself from making the contention now insisted upon.    Where a party gives a reason for his conduct and decision touching anything involved in a controversy, he cannot, after litigation has begun, change his ground and put his conduct upon another and different consideration.    He is not permitted thus to amend his hold.    He is estopped from doing it by a settled principle of law.    *Ohio and Mississippi Railway Co.* v. *McCarthy*, 96 U. S. 258; *Gibson* v. *Brown*, 214 Ill. 330.

The judgment of the Appellate Court for the Fourth District will be affirmed.    *Judgment affirmed.*