# National Meter Company, Appellee, v. Village of Bellwood, Appellant.

## Gen. No. 20,331.

1. MUNICIPAL CORPORATIONS, § 164*—*when burden on municipality to show illegality.* Where it is within the general power of a village to purchase a water meter and it failed to take the necessary steps to authorize the particular act in question, the burden is upon the village to plead and prove facts rendering the contract of purchase illegal.

2. MUNICIPAL CORPORATIONS, § 166*—*what constitutes ratification of contract.* In an action on a contract to recover the purchase price of a meter sold in a village where it appears from the evidence that the meter was sent to the village on the order of the president of the village board, and that it was received and used by the village, such acts of the village constitute a ratification of the contract, rendering it liable for the purchase price.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

National Meter Co. v. Village of Bellwood, 192 Ill. App. 424.

Appeal from the Superior Court of Cook county; the Hon. CLARENCE N. GOODWIN, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed April 26, 1915.

GEORGE E. BRANNAN, for appellant.

HAIGHT, BROWN & HAIGHT, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

This is a suit for five hundred dollars, the price of a water meter furnished by plaintiff to the defendant in February, 1911. The trial was by the Court, and plaintiff had judgment for the amount claimed.

On February 16, 1911, the president of the Village Board of Bellwood, the defendant, wrote to plaintiff certifying that a resolution had been passed by the Village Board requesting him to order a six-inch Crown water meter, price five hundred dollars, to be shipped to Melrose Park, Illinois, to be placed on the water main from Melrose Park to Bellwood; the expense of setting the meter to be borne by the Village of Bellwood. The letter concluded: "Consider this an order from the Board of Bellwood, Illinois." The meter was forthwith shipped, received by defendant and set in place in the Village of Bellwood, and since then has been in continuous service for the defendant.

In December, 1911, the village clerk of defendant wrote to plaintiff that the five hundred dollars which the village owed would not be paid until May 1, 1912. On April 26, 1912, he again wrote that the board had instructed him to write that as soon as the appropriation would be made, which would be some time in May, the bill would be paid. On August 16, 1912, the clerk again wrote, saying that the president and board of trustees instructed him to say that the appropriation had been made and the amount would be paid.

The judgment of the trial court was proper. It was within the general powers of defendant to purchase a water meter, and if it failed to take the requisite steps to authorize the particular act in question, the burden was on the defendant to plead and prove facts rendering the contract of purchase illegal. *City of Chicago v. Peck,* 196 Ill. 260; *Schuyler County v. Missouri Bridge & Iron Co.,* 256 Ill. 348. Defendant has not made the proof necessary to avoid payment for the meter. From aught that appears from the record a special appropriation ordinance may have been passed, or it may be that in the general appropriation ordinance for the year beginning May 1, 1912, and ending April 30, 1913, this purchase was provided for. It is a fair inference from the letters of the village clerk that this latter supposition is the fact.

Even if this were not so, by its acts the defendant has ratified the contract of purchase and is obligated to pay for the meter. Under similar facts it has been so held in *City of Chicago v. Norton Milling Co.,* 196 Ill. 580; *Shoenberger v. City of Elgin,* 164 Ill. 80, and *Sanitary Dist. of Chicago v. George F. Blake Mfg. Co.,* 179 Ill. 167.

The judgment meets with our approval and is affirmed.

*Affirmed.*