Mosiman Plumbing Co. v. Village of Pocahontas, 199 Ill. App. 211.

---

## Mosiman Plumbing Company, Appellee, v. Village of Pocahontas, Appellant.

1. MUNICIPAL CORPORATIONS, § 184*—*when city has power to make extensions to light plant.* The power granted to a city under Hurd's Rev. St. ch. 24, sec. 62 (J. & A. ¶ 1334), to provide for the lighting of streets, alleys, avenues, sidewalks, wharfs and public grounds, includes the power to make extensions to purchase a light plant or to contract for extensions to an existing plant.

2. MUNICIPAL CORPORATIONS, § 48*—*when irregular exercise of power granted by statute restrained.* Where a statute authorizes a municipal corporation to exercise a certain power but specifically regulates the mode in which it is to be exercised, any attempt on the part of municipal officers to override the regulations and exercise it in another manner will be restrained.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. MUNICIPAL CORPORATIONS, § 49*—*when municipality estopped to set up irregular exercise of statutory power.* A city which accepts and uses an electric light plant as improved which it has the statutory power to purchase or improve is estopped to set up the failure of the common council to previously make an appropriation therefor before entering into the contract for improvements as required by law.

4. MUNICIPAL CORPORATIONS, § 1146*—*when appropriation must be made before entering into contract for improvement.* A municipal corporation is not authorized to enter into a contract for improvements to an electric light plant without first making an appropriation therefor.

5. MUNICIPAL CORPORATIONS, § 416*—*when not chargeable with interest.* Municipalities are not liable for interest in the absence of a specific agreement to pay it.

Appeal from the Circuit Court of Bond county; the Hon. WILLIAM E. HADLEY, Judge, presiding. Heard in this court at the October term, 1915. Affirmed on remittitur; otherwise reversed and remanded. Opinion filed April 17, 1916.

COOK & MEYER, for appellant.

C. E. HOILES and ALBERT & ALBERT, for appellee.

MR. JUSTICE MCBRIDE delivered the opinion of the court.

Appellee recovered a judgment against the appellant in the Circuit Court of Bond county for $787.57, which the appellant seeks by this appeal to reverse.

A trial was had before the Circuit Court without a jury upon an agreed state of facts, which are, in substance, as follows:

First. Plaintiff is a corporation.

Second. The defendant is a municipal corporation under the general laws of the State of Illinois.

Third. That defendant owned, possessed and was operating a light plant in the village for the lighting of its streets, and desired to build additions and extensions thereto.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Fourth. That the fiscal year of said village began on the third Tuesday of April in each year; that about September, 1911, the board of trustees entered into an agreement with plaintiff to construct said additions and extensions; that plaintiff did such work and furnished such material and completed the same before December 8, 1911; that the reasonable value and price of the work, services and material rendered by plaintiff in such was $1,350.

Fifth. That the trustees of said village accepted said work and have used the same from thence to the present time and are still using it; that the defendant paid to plaintiff $675, and delivered to plaintiff the note in question, which is as follows:

"One year after date the Village Treasurer will pay to Mosiman Plumbing Company, or order, six hundred seventy-five dollars ($675.00) out of the lighting fund as allowed by the Board of Trustees, on the 8th day of December 1911, for balance owing on installment of new lights, with interest at six per cent. until paid.

"Given under my hand and seal this 8th day of December 1911.

"Signed, Ed Kleimann, Clerk.
"Henry Kleimann, Pres."

Sixth. The village made no annual appropriation ordinance during the first quarter of its fiscal year in 1911. During the first quarter of the fiscal year 1912, it appropriated $1,500 for street lighting, intending thereby to appropriate $675 to pay plaintiff its said balance of $675; that said village failed to pay plaintiff out of said appropriation. During the years 1913 and 1914 the same amounts were appropriated by ordinance in each year and with the same intention and understanding, but it neglected and refused to make the payment and has never paid plaintiff the balance due on its claim.

The declaration consisted of the common counts and an additional count, setting forth that the defendant desired to repair and build extensions to its said plant,

and the plaintiff at its request did furnish labor, material, machinery and fixtures in the extension of said plant, the reasonable value whereof is $1,350; that when said work was completed on December 8, 1911, the plaintiff rendered its account to the defendant and defendant agreed that such was the reasonable value of the labor and materials furnished, and paid $675 thereof and agreed to pay the balance, with five per cent. interest; that defendant accepted said work and material and has held and used said plant and still uses the same as the property of said village but refuses to pay therefor.

The defendant filed a plea of general issue. The appellant contends that as there was no appropriation ordinance passed by the village board providing a fund for the lighting of the streets or the extension of its improvement, that the contract entered into and the warrant or note issued in pursuance thereof are void and that the appellee is not entitled to recover anything for extending the said plant, and in support of this proposition he refers to sections 1, 2, 3 and 4 of article 7 of chapter 24, "Of Finance," Statute 1912 (J. & A. ¶¶ 1360, 1361, 1362, 1363), together with other authorities which will be hereafter noticed. We agree with the contention of counsel that before the appellant was authorized to enter into a contract for the extension of this improvement, it was necessary that an appropriation should have been previously made, and do not believe that appellee could recover upon a contract entered into without such appropriation ordinance having been passed. It appears, however, from the stipulation entered into in this case that the work and materials furnished by appellee were reasonably worth $1,350, and that the appellant upon the completion of the extension accepted the same, used it and continues to use it, passed ordinances in three succeeding years appropriating funds for the purpose of paying for it but never in fact making any further pay-

ments. The serious question in this case is whether or not the village can request an improvement to be made and, when made and accepted, the village can continue to use such improvement for three years or more without paying therefor its reasonable value or in some manner place the appellee in *statu quo*. If the village had no power to provide for the lighting of the streets and extending the plant, then a different question might arise as to its liability, but in this case the village did have power to provide for the lighting of its streets. The Statute of 1872 provides that cities and villages shall have power to provide for a lighting of streets, alleys, avenues, sidewalks, wharfs and public grounds. Section 62, ch. 24, of Hurd's Statutes (J. & A. ¶ 1334). The power of a city to light its streets includes the power to acquire by purchase the building and plant for such purpose. *Hay v. City of Springfield,* 64 Ill. App. 671. There can be no question, as we view it, but what the Village of Pocahontas had the power to provide for a lighting of its streets, and shall it be said that because this power was exercised in a manner different from that provided by statute that property and improvements thereby acquired shall be used and enjoyed by the village without paying reasonable compensation therefor? If this were an action to restrain the parties from carrying out an illegal contract, or an action by taxpayers to enjoin the prosecution of work, the question would be wholly different. "While courts should maintain with vigor the limitations which the statute has placed upon corporate action, whenever it is a question of restraining a city council in advance from passing beyond the bounds of statutory requirement, they should, on the other hand, enforce against the city, contracts of which it has received the benefit, if the subject-matter of the contract falls within the charter powers of the city. Where the statute authorizes a municipal corporation to exercise a certain power, but specifically regulates the mode in

which it may be exercised, an attempt on the part of the municipal officers to override the regulations [of the statute] and exercise it in another manner will be restrained; but when the officers have so acted, and the municipality has received the benefits of a contract thus irregularly entered into, it is estopped from setting up the irregular exercise of the power when called upon to pay for what it has received." *Westbrook v. Middlecoff*, 99 Ill. App. 327, and the various authorities therein referred to. This authority is quoted and the exact language used in the case of the *County of Coles v. Goehring*, 209 Ill. 165, where the Supreme Court holds the county of Coles liable for the value of the courthouse, notwithstanding the warrants issued for the payment thereof were void as not conforming to the statute. The principles here announced are also sustained by the case of *Village of Harvey v. Wilson*, 78 Ill. App. 544. Even though a contract that is executory cannot be upheld where it is entered into in a manner different from that provided by statute, this rule has no application where the contract has been executed and accepted, if the act done was within the power of the city. *City of East St. Louis v. East St. Louis Gas Light & Coke Co.*, 98 Ill. 415. This doctrine is manifestly fair and just and should, in our opinion, be applied in an action where the rights of a party are as just and equitable as the rights of appellee appear to be from this record.

Counsel for appellant have cited several cases, some of which upon first impression would appear to hold that because this contract was not entered into in the manner provided by statute, no recovery could be had, but an examination of these cases show that they were either seeking to recover upon a contract or were for the purpose of preventing the execution or carrying out of a contract illegally entered into. The case of *May v. City of Chicago*, 222 Ill. 595, referred to, was a case where the collector had promised the regular

employees, who were engaged at work upon a salary, extra compensation for extra work, but the court in that opinion says that they were obliged to do the extra work for the salary and that the collector was not authorized or did not have the power to pay them for the extra work. The case of *Hope v. City of Alton,* 214 Ill. 102, referred to and relied upon, was where the services had been performed in direct violation of the ordinance which created a legal department, and provided that the city should not be liable for the services of any other attorney, and the court there said that the contract was void, and says: ''The city council had no authority, by any method or process, to agree that the city should pay for legal services to be rendered by the plaintiff, who was neither city attorney nor corporation counsel.'' The case of *Litz v. Village of West Hammond,* 230 Ill. 310, also referred to by counsel for appellant in support of their contention, is a case in which warrants had been issued but not paid, and the court was asked to restrain the carrying out of the contract, which had not been executed and also asks the court to restore the lots in controversy to the contracting parties, and in that case the court distinguishes between cases where the contract has been pursued in an unlawful manner, and the parties can be placed in *statu quo,* and cases where the contract has been executed and the other party is receiving the benefit, and under this heading the court says: ''Upon this branch of the controversy appellees rely upon *City of East St. Louis v. East St. Louis Gas Light & Coke Co.,* 98 Ill. 415; *Town of Kankakee v. McGrew,* 178 Ill. 74; *County of Coles v. Goehring,* 209 Ill. 142, and other cases where the municipality itself, after the contract was executed by the other party thereto, has sought to avoid the performance of the contract on its part, where it could not put the other party in *statu quo* or where it did not offer so to do. It seems scarcely necessary to say that such cases

218    APPELLATE COURTS OF ILLINOIS.

Mosiman Plumbing Co. v. Village of Pocahontas, 199 Ill. App. 211.

are entirely without application here, where the suit is brought by taxpayers who were not parties to the contract.'' Without pursuing the investigation of this question any further, we are of the opinion that as it was within the power of the appellant to purchase and make the extensions of its plant, as it did, and that as it accepted it, used it and received the benefits of it for several years, that it ought to pay for it.

A further question is made as to the allowance of interest. It seems that interest was allowed to the amount of $112.57. This was not a recovery upon the warrant or the contract and could not be accepted for the value of the plant, and there is nothing in the stipulation showing an agreement to pay interest. The agreement to pay interest as stated in the contract cannot be enforced and, as we understand the rule of law, that as to municipalities, unless there is a specific agreement to pay interest they are not liable for interest. In the case of *County of Coles v. Goehring, supra,* the Supreme Court says: ''We have held that 'a municipal corporation, under the uniform ruling of this court, is not chargeable with interest on claims against it, in the absence of express agreement therefor, the only exception being where money is wrongfully obtained and illegally withheld by it.' '' Citing *City of Danville v. Danville Water Co.,* 180 Ill. 235, and other cases. There is no evidence in this record showing an agreement upon the part of the appellant to pay interest, and interest should not have been allowed, and a remittitur of $112.57 is required to be made by the appellee within thirty days, and if so made the judgment will be affirmed. If not made the cause will be reversed and remanded.

It is further ordered that each party pay its own costs in the Appellate Court.

Counsel for appellant has complained of the refusal of certain propositions of law submitted, but the propositions were not abstracted and no specific

reasons have been pointed out why the court erred in the refusal, other than the principles above decided, and as the decision covers all of the matters in dispute in this case no further attention will be paid to such propositions.

*Affirmed on remittitur; otherwise reversed and remanded.*