## William J. Scown, Appellee, v. County of Cook, Appellant.

### Gen. No. 22,022.　(Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed May 1, 1916.

### Statement of the Case.

Action by William J. Scown, plaintiff, against County of Cook, defendant, for compensation for the services of plaintiff and associates rendered to defendant at its request, in appraising the property of the Dunning Institution in Cook county. Plaintiff alleged that the claims of his associates had been duly assigned to him. Upon trial a jury returned a verdict for the plaintiff in the sum of $3,800 upon which judgment was entered. Defendant appeals.

The evidence showed that in 1912 the County of Cook and the State Board of Administration of the State of Illinois began negotiations looking to the transfer of the Dunning Institution from the County of Cook to the State of Illinois. In connection with this transfer the board of administration, in February, 1912, requested the County Board of Cook County to furnish "a detailed inventory of all property belonging to Cook County which may be transferred to the State of Illinois on July 1, 1912." On March 4, 1912, pursuant to said request, the county board adopted a resolution reciting that "The State Board of Administration has asked for an inventory of all the personal property now situated in said institution, together with lists of buildings and descriptions of real estate; * * * That the President of the Board of Commissioners be and hereby is directed and authorized to appoint and name six persons * * * who shall

inventory and appraise all the personal property and effects of the Dunning Institution, and make its report to the President of the Board of Commissioners and members at as early a date as possible, said persons and the cost of said inventory to be paid for out of the Dunning Institution Building Fund.'' On March 8, 1912, the president of the county board appointed the plaintiff and Arch M. Campbell as building appraisers to do this work.

It further appeared that at this time there were two funds which had been appropriated by the county board in its annual appropriation bill available for the payment of these services, (1) ''for such building purposes as are not otherwise provided for, $25,000''; (2) ''building purposes at Dunning Institution, $50,000.''

The performance of the work was not in dispute. Plaintiff and Mr. Campbell, with necessary assistance, made the appraisement and reported the same to the county commissioners. There was also evidence that the reasonable, usual and customary charges in Chicago for performing such services would amount to over $20,000. Defendant's only witness testified that this charge would be over $14,000, and it was admitted by defendant that one per cent. would be the usual and customary price, which would amount to nearly $10,000 for each appraiser. There was evidence that these appraisers had made an agreement with a committee appointed by the county board as to their compensation, which was considerably less than the amount shown to be reasonable and customary.

MACLAY HOYNE, for appellant.

LEE D. MATHIAS, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Scown v. County of Cook, 199 Ill. App. 351.

## Abstract of the Decision.

1. JUDGES, § 9*—*when judge of a City Court of another county may sit as judge of Superior Court of Cook county.* The judge of a City Court outside of Cook county may sit as judge of the Superior Court of Cook county in the trial of an action against Cook county to recover appraiser's fees.

2. COUNTIES, § 40*—*when president of board of county commissioners may appoint appraisers.* Where the board of county commissioners of a county adopts a resolution directing and authorizing its president to appoint and name persons to appraise and inventory all the personal property and effects of a certain institution, such resolution being in connection with the transfer of the institution to the State board of administration which had requested a detailed inventory of all the property, the president may appoint persons as expert building appraisers to appraise the buildings of the institution.

3. CONTRACTS, § 382*—*when evidence as to rate of compensation admissible.* In an action against a county to recover compensation for services in appraising property, defendant cannot complain of the admission of evidence of an agreement between plaintiff, on the one hand, and the president of defendant's board of county commissioners (by whom plaintiff was employed) and a committee, on the other, as to the rate of compensation, where, under the common counts of plaintiff's declaration he would be entitled to recover on a *quantum meruit* which, the evidence shows, would give him a larger amount than he claimed or was awarded by the jury.

4. CUSTOMS AND USAGES, § 26*—*when evidence inadmissible.* In an action against a county to recover for services rendered in appraising property, evidence as to the customary manner of making an appraisal of such property is properly excluded where plaintiff had made the appraisal in conformity to the method prescribed by the board of county commissioners by which he was employed.

5. COUNTIES, § 40*—*when resolution does not confer on president of board of county commissioners power to make contract.* A resolution of a board of county commissioners that its president be and is directed and authorized to name and appoint a certain number of persons who shall inventory and appraise certain property and shall be paid out of a certain fund, does not confer on him the power to make a contract.

6. MUNICIPAL CORPORATIONS, § 172*—*when estopped to question right to compensation for services.* Where a municipality has power to contract for services and such services have been rendered and

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Vol. CXCIX 23

it has accepted the benefits thereof, it is estopped to claim that the person rendering them is not entitled to compensation, and is liable for the reasonable value of such services.

7. COUNTIES, § 2*—*when authorized to employ appraisers.* A county has power to employ appraisers to appraise its property.

8. COUNTIES, § 71*—*when appropriation valid.* A resolution of a board of county commissioners providing for the payment of the cost of the inventory and appraisal of a certain county institution out of the building fund of such institution is valid.

9. CONTRACTS, § 384*—*when evidence sufficient to support verdict.* In an action against a county to recover for services rendered in appraising property, evidence examined and *held* to support a verdict for plaintiff.

10, PAYMENT, § 24*—*when matter of defense.* Payment is a matter of defense, and in the absence of evidence it will be presumed that it has not been made.