# James G. Melluish, Appellee, v. City of Alton, Appellant.

1. PLEADING—*verified plea prerequisite to denial of execution of written contract by municipal corporation.* A verified plea denying that the contract for services sued on was executed by defendant city with authority is an essential prerequisite to the right of the city to raise the defense that the contract is not enforceable because executed without authority conferred by resolution, ordinance or motion made and entered of record, under Practice Act, sec. 52, Cahill's Ill. St. ch. 110, ¶ 52, providing that a verified plea must be filed before the execution of a written instrument can be denied.

2. STIPULATIONS—*stipulation of facts limited to matters included.* A municipal corporation sued for the reasonable value of services rendered to it by an engineer under a written contract is not entitled to deny liability on the ground that the contract was executed by the city officials without lawful authority, in the absence of a verified plea denying execution, by the fact that the parties stipulated the facts in the controversy, where the stipulation provides nothing with reference to proof under such a plea.

3. MUNICIPAL CORPORATIONS—*when ordinance creating office of city engineer not exclusive of right to employ special engineer.* A municipal corporation cannot defeat the claim of a special engineer employed to do certain specified work for the reasonable value of his services, on the ground that it had no authority to employ any engineer other than the city engineer under the ordinance creating that office, where such ordinance provides for the employment of necessary assistants to that officer as the council may authorize, and does not expressly forbid the employment of such special engineer.

4. MUNICIPAL CORPORATIONS—*ratification of unauthorized contract by subsequent appropriation therefor.* A contract entered into by a city with an engineer for special services without having made any appropriation therefor is not binding on the city, but where the services were rendered by the engineer and accepted by the city and appropriations were made during succeeding years to cover such amount as might be due for such services, the contract was thereby ratified by the city, and the engineer is entitled to recover for the reasonable value of his services.

5. APPEAL AND ERROR—*scope of review where no propositions of law submitted or objected to by appellant.* On appeal by a city from a judgment for the reasonable value of engineering services rendered under a written contract, the city cannot urge any prop-

osition except, that on the record, under the law, there could be no right of recovery, where it submitted no propositions of law and objected to none of those submitted by the appellee.

6. APPEAL AND ERROR—*entry of judgment by Appellate Court on reversal.* A judgment rendered by the court for $4,610, as the reasonable value of services rendered by a civil engineer to a city under written contract, will be reversed and judgment entered by the Appellate Court for $5,820.58, where there was no conflict in the evidence, which showed the larger amount to be due, and a jury had been waived.

Appeal by defendant from the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the March term, 1923. Reversed with finding of fact and judgment here. Opinion filed July 2, 1923.

WM. WILSON, for appellant.

E. J. VERLIE, for appellee.

MR. PRESIDING JUSTICE BOGGS delivered the opinion of the court.

An action in assumpsit was instituted in the circuit court of Madison county by appellee to recover a balance alleged to be owing him for engineering services rendered appellant.

The declaration consists of four special counts based on a written contract, alleged to have been entered into between appellee and appellant, and the common counts. To said declaration appellant filed the general issue and three special pleas.

Thereafter the special pleas were withdrawn, a jury was waived and the facts were stipulated by said parties with the provision that evidence might be offered subject to objection, as to the reasonable value of the services alleged to have been rendered by appellee as such engineer. A trial was had, resulting in a finding and judgment in favor of appellee for $4,610. To reverse said judgment this appeal is prosecuted.

The facts, in substance as stipulated, are as fol-

lows: At a regular meeting of the city council on February 11, 1920, the mayor reported that he had had appellee come to Alton to confer with him in regard to the engineering work in connection with the construction of a certain sewer said city contemplated putting in; that appellee had gone over the contemplated work and had stated that he would undertake the same on a basis of 3 per cent of the contract price; that it was the general opinion of the members of said council that the work should be handled by an expert; that a motion was made and carried, by a full vote of the council, "That the Board of Local Improvements be given full authority to negotiate a contract with J. G. Melluish to take full charge and handle project in its entirety." That thereafter the Board of Local Improvements passed the following resolution: "Be It Resolved by the Board of Local Improvements of the City of Alton, that Mr. J. G. Melluish, Sanitary Engineer of Bloomington, Illinois, take complete charge of the proposed Piasa sewer on a basis of 5 per cent, and being known as the third proposition, as per letter of February 26, 1920, and that J. G. Melluish be notified to submit his contract in writing, with bond as may be required, to the Board of Local Improvements as early as possible."

That thereafter an agreement was alleged to have been entered into between appellee and appellant providing, among other things, that appellee was to "Make all preliminary and final plans, estimates, profiles and specifications; to co-operate with the City's Attorney in the preparation of the necessary ordinances; to attend court when required in the proceedings leading to the confirmation of the assessment for the improvement, and following the award of contracts for the construction, to take entire charge of the work, stake same out, furnish supervision and progress and final estimates; that party of the second part agrees to pay to first party, an amount equal to 5 per cent of the total cost of the improvement, and

that upon the passage of the ordinance the fee earned shall be computed at 3½ per cent of the estimated cost.''

Said stipulation further discloses that appellee entered upon the performance of his duties as such engineer and in all things carried out the provision of this contract on his part to be performed as therein specified; that two ordinances, No. 1303 and No. 1304, were passed, which together provided for the construction of the said improvement in accordance with the plans, estimates, profiles and specifications made by appellee; that the total cost of said improvement was estimated at $242,016.72; that a petition was filed in the city court of said city and a commissioner was appointed to spread said assessments; that thereafter an order was entered by the court for the confirmation of the special assessment as to premises described in ordinance No. 1303; that certain objections were filed by property owners to the confirmation of said special assessment on premises covered by ordinance No. 1304; that appellee was called as a witness by appellant and gave testimony at the hearing on said objections; that shortly thereafter, a Mr. Crawford succeeded Mr. Sauvage as mayor of said city, after which said proceedings were not pressed and are still pending; that prior to May 1, 1921, appellant had paid appellee on account of said services the sum of $2,650; and thereafter appellee rendered a bill for the balance claimed by him of $5,820.58. It was further stipulated that no appropriation had been made by appellant at the time said contract was entered into to cover the same; that in April, 1921, and in April, 1922, an item of $5,700 was included in the appropriation ordinances to cover such amount as might become legally due him (appellee) under said written agreement; that by ordinance there had been created the office of ''City Engineer,'' one of the provisions being to the effect: ''That said City Engineer shall be al-

lowed such assistants and other clerks and subordinate help as the necessities of his office may require, and the council, by ordinance or resolution, shall from time to time authorize him to employ.''

It was also stipulated that all facts that were stipulated in the evidence were to be considered under the plea of the general issue the same as though they had been specially pleaded.

It is first contended by appellant for a reversal of said judgment that the contract sued on was not entered into pursuant to any ordinance, resolution or motion made and entered of record in the proceedings of the council for said city, and that therefore the mayor of said city had no authority to execute the same, and that appellant for that reason was not liable thereon.

Appellant not having filed a sworn plea denying the execution of said contract, it is not in a position to raise that question. Under section 52 of the Practice Act [Cahill's Ill. St. ch. 110, ¶ 52], in order to deny the execution of a written instrument, it is necessary to file a verified plea, and this rule applies to municipal corporations. *City of Chicago v. Peck,* 196 Ill. 260; *Supreme Lodge A. O. U. W. v. Zuhlke,* 129 Ill. 298; *Schuyler County v. Missouri Bridge & Iron Co.,* 256 Ill. 348.

Counsel for appellant insists that under the stipulation entered into appellant would have the right to raise this question. There was no provision in the stipulation with reference to proof under a sworn plea denying execution. The stipulation not covering this character of defense, it cannot be raised here. *City of Chicago v. Peck, supra; Schuyler County v. Missouri Bridge & Iron Co., supra; Supreme Lodge A. O. U. W. v. Zuhlke, supra.*

It is next contended by appellant that it had no authority to employ an engineer other than its city engineer. There is nothing in the ordinance creating

the office of city engineer that expressly or by implication prohibits appellant from employing a civil engineer where the business of the city might so require.

Appellant cites, in support of its contention, *Hope v. City of Alton,* 214 Ill. 102. In that case a Mr. Hope was employed by the city as special counsel to represent it in certain litigation. The services were performed but the city declined to pay therefor and suit was brought. The city filed a special plea setting up the ordinance creating the office of corporation counsel, section 108 of which is as follows: "In the case of the temporary absence or inability of the corporation counsel to attend to the duties of his office, he may, with the approval of the mayor and at his own expense, appoint or employ some competent attorney to act in his place; but the City of Alton shall not, in any case, be liable to pay for the legal services of any attorney, except such, only, as may be performed by the corporation counsel or city attorney." The decision of the Supreme Court denying liability was based on the provisions of said section 108.

As a general proposition, a municipal corporation has power to employ persons especially for certain kinds of specialized work unless expressly forbidden by statute or its charter or ordinances. *Ward v. City of DuQuoin,* 173 Ill. App. 515; *Franklin County v. Layman,* 145 Ill. 138; *Village of Harvey v. Wilson,* 78 Ill. App. 544; *Hope v. City of Alton,* 214 Ill. 102-105.

We therefore hold that the ordinance creating the office of city engineer in and of itself would not be sufficient to defeat appellee's claim on the facts stipulated in the record.

It is next contended by appellant that inasmuch as no appropriation had been made at the time said contract was entered into, the city was not authorized to execute the same and by reason thereof said contract was not binding on said city. We are of the opinion

that the point is well taken so far as the liability of the city was concerned at the time the contract was entered into. Hurd's Rev. St. ch. 24, art. 7, secs. 2, 3, 4 [Cahill's Ill. St. ch. 24, ¶¶ 92, 94, 95]; *May v. City of Chicago*, 222 Ill. 595.

The record, however, discloses that while no appropriation was made in 1920 at the time the contract was entered into, appropriations therefor were made by said city in the years 1921 and 1922. This action on the part of the city amounted to a ratification of said contract. *National Meter Co. v. Village of Bellwood*, 192 Ill. App. 424; *Scown v. Cook County*, 199 Ill. App. 351. *National Meter Co. v. Village of Bellwood, supra*, was a suit brought to recover against said village for a meter ordered and delivered to it in February, 1911, to cover which no appropriation had been made. In December, 1911, and April, 1912, the clerk of the village wrote the meter company to the effect that "as soon as the appropriation would be made, which would be some time in May, the bill would be paid." Then in August, 1912, the clerk again wrote said company that the appropriation had been made and that the amount would be paid. The court in discussing this question, at page 426, says: "It was within the general powers of defendant to purchase a water meter, and if it failed to take the requisite steps to authorize the particular act in question, the burden was on the defendant to plead and prove facts rendering the contract of purchase illegal. *City of Chicago v. Peck*, 196 Ill. 260; *Schuyler County v. Missouri Bridge & Iron Co.*, 256 Ill. 348. Defendant has not made the proof necessary to avoid payment for the meter. From aught that appears from the record a special appropriation ordinance may have been passed or it may be that in the general appropriation ordinance for the year beginning May 1, 1912, and ending April 30, 1913, this purchase was provided for. It is a fair inference from the letters of the village clerk that this latter

supposition is the fact. Even if this were not so, by its acts the defendant has ratified the contract of purchase and is obligated to pay for the meter. Under similar facts it has been so held in *City of Chicago v. Norton Milling Co.*, 196 Ill. 580; *Shoenberger v. City of Elgin*, 164 Ill. 80; and *Sanitary Dist. of Chicago v. George F. Blake Mfg. Co.*, 179 Ill. 167.''

We are of the opinion and further hold that appellee having in good faith performed the services he was to perform and appellant having accepted the same, it thereby became liable under the common counts to pay the reasonable value thereof. *Village of Harvey v. Wilson*, 78 Ill. App. 544; *Mosiman Plumbing Co. v. Village of Pocahontas*, 199 Ill. App. 211.

In the latter case, being a case from this district, the situation was somewhat similar to the one here under consideration. Said plumbing company had entered into an agreement with the village to furnish the work and materials in connection with some addition to its plant. The work and materials were furnished but the village declined to pay on the ground that no appropriation had been made for that purpose at the time the contract was entered into. We therefore held that even though it be admitted the express contract was not enforceable because of the failure to make appropriation, there could be no question as to the plaintiff's right to recover for the reasonable value of the work and materials furnished.

No propositions of law were submitted by appellant, and no objections were made to the three propositions submitted by appellee and which were held by the court. Appellant therefore is not in a position to urge for a reversal of the judgment in this case any proposition, except that on the record, under the law, there could be no right of recovery. *City of Alton v. Foster*, 207 Ill. 150; *Hercules Coal & Mining Co. v. Frazer*, 102 Ill. App. 307; *Pittsburgh, C., C. & St. L. Ry. Co. v. Chicago City Ry. Co.*, 300 Ill. 162.

Cross errors were assigned by appellee, charging that the court erred in failing to find that there was due him the sum of $5,820.58 instead of $4,610. Five witnesses testified on behalf of appellee as to what would be the usual, reasonable and customary fee or compensation for the services rendered. It was conceded that appellee rendered the services, and all of the testimony was to the effect that same were worth $8,470.58, from which should be deducted the $2,650 paid, leaving a balance of $5,820.58. The court, however, rendered judgment for only $4,610. Appellee expended from his own funds about $4,800 for assistants, materials, etc., and about $500 for traveling expenses, hotel bills, etc. If there were any conflict in the evidence as to the amount due, we would not be inclined to disturb the judgment, but inasmuch as there is no conflict in the evidence, and the jury having been waived, we feel compelled so to do.

The judgment of the trial court is therefore reversed and judgment is entered in this court against appellant and in favor of appellee for $5,820.58, and costs in this and the trial court.

*Reversed with finding of fact and judgment here.*

Finding of fact. We find as an ultimate fact, to be incorporated in said judgment, that under the pleadings in this case, the stipulation of facts and evidence admitted, appellant ratified the contract sued on and there is due appellee from appellant the sum of $5,820.58.