## David Greenberg et al., Appellants, v. Dietrich Reinken et al., Appellees.

### Gen. No. 21,436.

MECHANICS' LIENS, § 56*—*when right enforceable by partnership containing a licensed member.* The fact that a member of a plumbing partnership is not licensed in accordance with the Act of July 1, 1897 (J. & A. ¶ 8530), does not operate to prevent the enforcement of a mechanic's lien for plumbing work, where one partner was a licensed plumber.

Appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in this court at the March term, 1915. Reversed and remanded with directions. Opinion filed January 3, 1916.

HAROLD J. FINDER, for appellants; ROBERT W. MILLAR, of counsel.

GEORGE W. STOCKWELL, for appellees.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

By this appeal complainants seek to have reversed a decree dismissing for want of equity their bill filed to enforce a mechanic's lien for plumbing work.

We are not favored with any brief or argument on behalf of the defendants.

The cause was referred to a master in chancery with instructions to take and report the evidence "together with his conclusions of fact and of law thereupon." He found and reported that David Greenberg and Abe Levinson were in business as partners; that the work in question had been performed under an agreement with them, for which they had been paid in part, and that there was a balance unpaid of $791.50 with interest; that Greenberg was a licensed plumber and that

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Levinson was not. The master concluded as a matter of law that because Levinson was not a licensed plumber the complainants are not entitled to recover, and he recommended that their bill be dismissed. Exceptions to the report having been overruled, the court entered a decree dismissing the bill.

Shall complainants be denied a lien because Levinson was not a licensed plumber? The act providing for the licensing of plumbers and for the inspection of plumbing, in force July 1, 1897, ch. 24, Illinois Statutes (Hurd), p. 411 (J. & A. ¶ 8530), provides that "any person now or hereafter engaged in or working at the business of plumbing  *  *  *  shall first receive a certificate thereof, in accordance with the provisions of this act." Then follow provisions for an examining board to examine any person desiring to become a plumber as to his practical knowledge of plumbing, house drainage, etc., and if the board is satisfied that the applicant is competent it shall issue a certificate to him authorizing him to engage in the business of plumbing. A penalty is provided for any violation of the act.

In *Douglas v. People,* 225 Ill. 536, the constitutionality of this act was upheld as an act "for the protection of the health, comfort, safety or welfare of society."

It appears from the evidence that in the conduct of complainants' business Greenberg had exclusive charge of supervising the plumbing work, making sketches for the installation and laying out the job, and had charge of the practical part of the work; that Levinson was not a plumber and never did any plumbing work and was not familiar with it and had no charge or supervision over it; that his duties were mainly connected with office work and bookkeeping, tending to the payment of bills with supply houses, keeping the pay roll book with the names of employees, and tending to the distribution of their pay envelopes;

that he also did the collecting; that he had nothing to do with the actual plumbing work done by the firm, either in planning or construction.

We do not find a decision in any case in this State directly in point. In *Schnaier v. Navarre Hotel Co.,* 182 N. Y. 83, the Court of Appeals had under consideration a case involving facts almost identical with those now before us, with the additional fact that under the New York statute it was provided that "each and every member of the firm shall have been registered." In that case, as here, only one of two members of the firm was registered and he attended to the plumbing work. The other member was the financial man, who was not registered. The majority of the court held that this provision of the statute was invalid, saying:

"It prohibits a business man, with financial means and business ability, and a registered master plumber, with the requisite mechanical skill, from uniting the financial and business ability of the one with the energy and mechanical skill of the other in a partnership for conducting a legitimate business. The right to form partnerships for the conduct of business has existed from time immemorial and any interference with that right must be regarded as an unwarranted interference with individual freedom condemned by the Constitution. The feature of the statute to which I have referred would deprive a firm engaged in the plumbing business, composed of half a dozen persons, from enforcing contracts and collecting their bills for work done unless they could show that each and every member of the firm was a registered plumber, and if, as in this case, it was impossible for one of them to become registered, the firm must dissolve. A law that produces such results in its operation cannot be valid."

There is a minority opinion concurring in the judgment by the majority, but on the ground that under the facts in the case the statute did not apply, the minority opinion saying that the unlicensed partner

"may contribute his capital, or his clerical services, to the business concern and become a partner and, if not a plumber, nor proposing to act as a master plumber in the undertaking of the concern, the act has no reference to him."

On November 11, 1756, Lord Mansfield took his place as Lord Chief Justice of the Court of King's Bench. The first case in which he pronounced judgment was *Raynard v. Chase,* reported in volume 1 of Burrow's Reports, page 2. The case before the court was an action of debt for a penalty under a statute for exercising the trade of a brewer without having served an apprenticeship. In pronouncing judgment Lord Mansfield stated principles so applicable to the instant case that we quote somewhat in full. After finding that the defendant was to share the profits with his partner and was liable for the debts of the partnership but "never acted in or exercised the trade," Lord Mansfield proceeded:

"1st. This is a penal law; 2ndly, It is in restraint of natural right, and 3dly, It is contrary to the general right given by the common law of the kingdom: I will add, 4thly, The policy upon which the act was made has from experience become doubtful. Bad and unskilful workmen are rarely prosecuted. * * * The general policy of the act was to have trades carried on by persons who had skill in them. Now here the personal skill of the defendant makes no real difference in the case. For the person who is skilful, acts everything, and receives no directions from this man; he neither did, nor was to interfere * * *. In many considerable undertakings, it is absolutely necessary to take in persons as partners to share the profits and risque the loss. And the general usage and practice of mankind ought to have weight in determinations of this sort, affecting trade and commerce, and the manner of carrying them on. It is notorious that many partnerships are entered into, upon the foundation of one partner contributing industry and skill, and the other money."

The reasoning of these cases is based on considerations of justice. It manifestly would be unjust to deprive complainants of compensation for their work merely because one of the partners, who does only the clerical or office work, is not a licensed plumber. Complainants are entitled to their lien, and the decree is reversed and the cause remanded with directions to enter a decree giving complainants a lien in accordance with the prayer of their bill for the amount which the master found to be unpaid, with interest as stated in the master's report.

*Reversed and remanded with directions.*