(No. 10808.—Judgment affirmed.)

THE PEOPLE *ex rel.* The State Board of·Examiners of Architects, Plaintiff in Error, *vs.* THE RODGERS COMPANY, Defendant in Error.

*Opinion filed February 21, 1917.*

1. ARCHITECTS—*corporation may contract to furnish architectural work if it is done by a licensed architect.* Under section 5 of the act for the licensing of architects, (Hurd's Stat. 1916, p. 92,) which provides that a corporation shall not be licensed to practice architecture "but the same may employ licensed architects," a corporation may contract to furnish architectural work provided the work is done by or under the supervision of a regularly licensed architect, as the words quoted would not be necessary to authorize a corporation to employ architects for its own structures.

2. SAME—*what is not practicing architecture within the meaning of statute.* Making contracts for architectural work and collecting compensation therefor is not practicing architecture within the meaning of the statute for the licensing of architects, provided the work is done by or under the supervision of a licensed architect.

3. SAME—*purpose of the statute for the licensing of architects.* The purpose of the statute for the licensing of architects is not to protect architects but to protect the public against incompetent architects, from whose services damage may result to the public by reason of improperly constructed buildings.

WRIT OF ERROR to the First Branch Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. JOHN COURTNEY, Judge, presiding.

P. J. LUCEY, Attorney General, and THOS. E. DEMPCY, (JOHN J. FALVEY, of counsel,) for plaintiff in error.

CALHOUN, LYFORD & SHEEAN, and ADAMS, FOLLANS-
BEE, HAWLEY & SHOREY, (EDWARD W. RAWLINS, of coun-
sel,) for defendant in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Plaintiff in error recovered a judgment in the municipal
court of Chicago against defendant in error, a corporation,
on a charge of violating section 5 of the act providing for
the licensing of architects. The cause was heard before the
court without a jury and a fine of $50 was assessed against
defendant in error. On appeal the Appellate Court for the
First District reversed the judgment, and the cause was
brought to this court by *certiorari*.

Defendant in error was organized under the general In-
corporation act of this State for the purpose of carrying
on the business of consulting engineer, building and con-
struction work of all kinds. It entered into a contract with
the Catholic Bishop of Chicago, a corporation sole, to per-
form all the usual and necessary architectural services for
and in connection with a certain structure then about to be
erected upon certain premises in the city of Niles, Illinois.
Said services were to consist of the necessary conferences,
the preparation of preliminary studies, working drawings,
specifications, large scale and full size detail drawings, and
of the general direction and supervision of the construc-
tion work except as therein specified. It afterwards fur-
nished the said owner with plans and specifications for the
work, which were all prepared by and under the direction
of K. M. Vitzthum, a regularly licensed architect of this
State, and which were signed and sealed by him as such
licensed architect. Vitzthum did the work himself or had
it done in his own office under his direction.

The only contention in this case is over the proper con-
struction to be placed upon said section 5 under which this
proceeding was instituted. After providing for the licens-

ing of architects who were engaged in the practice of architecture on the date of the passage of the act, said section provides: "In the case of a co-partnership of architects, each member whose name appears must be licensed to practice architecture. No stock company or corporation shall be licensed to practice architecture, but the same may employ licensed architects." (Hurd's Stat. 1916, p. 92.)

The plaintiff in error insists that inasmuch as the statute prevents the licensing of corporations to practice architecture defendant in error was properly convicted, while defendant in error contends that it was authorized by said section 5 to do the very work it did, so long as it had the work done by a regularly licensed architect. By the use in said section of the words, "but the same may employ licensed architects," the legislature clearly intended that corporations might contract for the doing of architectural work, provided the same be done by a regularly licensed architect or under the supervision of a regularly licensed architect. The use of those words was not necessary to authorize a corporation to employ architects to do architectural work on any structure being erected for the corporation, as it clearly had that right without the use of such words. Making contracts for services to be performed by an architect and collecting the compensation therefor is not practicing architecture within the meaning of the statute. This clearly appears from section 9 of said act, which reads: "Any person who shall be engaged in the planning or supervision of the erection, enlargement or alteration of buildings for others and to be constructed by other persons than himself shall be regarded as an architect within the provisions of this act, and shall be held to comply with the same; but nothing contained in this act shall prevent draughtsmen, students, clerks of works or superintendents, and other employees of those lawfully practicing as architects, under license as herein provided for, from acting under the instruction, control or supervision of their employ-

ers; or shall prevent the employment of superintendents of buildings paid by the owners from acting, if under the control and direction of a licensed architect who has prepared the drawings and specifications for the building."

Similar statutes in relation to other professions have been construed in other jurisdictions in the same manner. In *State Electro-Medical Institute* v. *State,* 74 Neb. 40, (103 N. W. Rep. 1078,) it was held that while a corporation is a person, it is not such a person as can be licensed to practice medicine under the statute of Nebraska. It was also held that qualified and licensed physicians may form a corporation and make contracts for the services of its members and other licensed physicians, and that making such contracts and furnishing services of qualified and licensed physicians thereunder is not a violation of the Nebraska statute forbidding the practice of medicine without a license. It was also held by the same court in *State Electro-Medical Institute* v. *Platner,* 74 Neb. 23, (103 N. W. Rep. 1079,) that contracts of a corporation to furnish the services of qualified and licensed physicians for an agreed compensation are not prohibited by the statute nor against public policy, and that the corporation may recover in its corporate name for services of duly qualified and licensed physicians furnished pursuant to such contract. In *Crall* v. *Commonwealth,* 103 Va. 855, (49 S. E. Rep. 638,) it was held that while a peddler's license cannot issue to a corporation, as such, under the Virginia code, yet a corporation desiring to peddle its goods may take out a license in the name of a designated agent, who may lawfully peddle the goods for the principal.

Certain sections of the statute of Maryland prohibit any person from working as a plumber unless he has passed an examination before the State board of commissioners of practical plumbing, who, if they find him competent, will give a certificate of competency and register him as a practical plumber. It was held in *Davidson* v. *State,* 77 Md.

388, (26 Atl. Rep. 415,) that a person who had not been examined and registered under that act may engage in the business of plumbing and may contract for furnishing necessary material and doing all the necessary work, provided he does not personally perform any of the manual work but employs therefor duly examined and registered plumbers, holding certificates of competency.

It is argued by plaintiff in error that the above construction of said section 5 will result in unlicensed individuals, members of corporations, receiving the benefits from the practice of architecture through one member of the corporation being licensed, and that such a statute permitting a corporation to engage in a profession with only one member thereof licensed, and exempting unlicensed members, is unconstitutional. Plaintiff in error is in no position to question the validity of the act under which it sues, and it is not possible for us to consider that there is a constitutional question raised here. Our interpretation does not render the act unconstitutional as making the act discriminatory. Any natural person, licensed or unlicensed, may make a contract to furnish architectural work to be performed by a licensed architect, and by section 9 of said act any draughtsman, student or other employee may do architectural work under the direction of a licensed architect. The object of this statute was not to protect architects merely by limiting the work to those that possessed a license. The real purpose of the statute is the protection of the public against incompetent architects, from whose services damage might result to the public by reason of dangerous and improperly constructed buildings and by badly ventilated and poorly lighted buildings. This clearly appears from section 4 of the act, providing for the examination of applicants for a license, in which is found this language: "The examination shall have special reference to the construction of buildings, and a test of the knowledge of the candidate of the

strength of materials and of his or her ability to make practical application of such knowledge in the ordinary professional work of an architect, and in the duties of a supervisor of mechanical work on buildings, and should also seek to determmine his or her knowledge of the laws of sanitation as applied to buildings."

This suit was brought exclusively under said section 5, and the question whether or not the corporation held itself out as a licensed architect, in violation of the statute, is not involved herein. By permitting corporations such as defendant in error to employ licensed architects to do the work for which a contract is made by the corporation the legislature granted no infringement on the real purpose of the act. Defendant in error did not violate said section 5 of the act by contracting as it did.

The judgment of the Appellate Court is therefore affirmed.                                    *Judgment affirmed.*