(No. 38565.—

PASCAL P. PADDOCK, INC., Appellant, *vs.* ROBERT E.
GLENNON *et al.,* Appellees.

*Opinion filed Nov. 24, 1964.—Rehearing denied Jan. 19, 1965.*

GREANIAS & OWEN, of Decatur, for appellant.

MONROE & McGAUGHEY, of Decatur, for appellees.

Mr. JUSTICE DAILY delivered the opinion of the court:

The plaintiff, Pascal P. Paddock, Inc., filed suit in the
circuit court of Piatt County against the defendants, Robert
E. Glennon, Martha L. Glennon, and Bement Holiday
Swim Club, Inc. to foreclose a mechanics' lien. A decree
of foreclosure was entered in the trial court, but upon ap-
peal the Appellate Court for the Fourth District reversed

that decision. (*Paddock, Inc.* v. *Glennon,* 45 Ill. App. 2d 362.) Leave to appeal has now been granted by this court.

The real estate in question was owned by Robert E. Glennon and Martha L. Glennon and leased by them to Bement Holiday Swim Club, Inc., a corporation of which Robert E. Glennon was also the president. The corporation, in turn, entered into a written contract with plaintiff for the construction of a swimming pool and bath house on the Glennon land at a total cost of $71,433.60. The work was completed on July 15, 1961, and thereafter the facilities were used by defendant corporation for about three years as a private swimming club. However, during this time only $11,125 was paid to plaintiff upon the construction contract, as the result of which the present action was instituted. Various defenses were pleaded by defendants, including the allegation that the contract was rendered unenforceable by reason of plaintiff's use of unlicensed plumbers. However, the circuit court found that plaintiff had complied with the contract provisions and was entitled to recover the balance owed thereon. Nevertheless, the Appellate Court decided that plaintiff had failed to prove its compliance with the Illinois Plumbing License Law, (Ill. Rev. Stat. 1961, chap. 111½, par. 116.36 thru 116.67,) and was therefore to be denied recovery under the construction contract.

Section 3 of the Plumbing License Law (Ill. Rev. Stat. 1961, chap. 111½, par. 116.38) states as follows: "(1) All planning and designing of plumbing systems and all plumbing shall be performed only by plumbers licensed pursuant to the provisions of this Act * * * (2) Nothing herein contained shall prohibit a licensed plumber from employing any person at least 16 years of age to engage in plumbing as a plumber's apprentice under the supervision of a licensed plumber * * * (4) The employees of a * * * corporation who engage in plumbing shall be licensed plumbers or apprentices * * * at least one corporate

officer of every corporation engaged in plumbing · work, * * * shall be licensed as a plumber hereunder." The act also provides a fine or imprisonment for violations thereof and declares the performance of such work by unlicensed individuals to be a public nuisance. (Ill. Rev. Stat. 1961, chap. 111½, par. 116.63.) Although contracts made in violation of this enactment are not specifically declared unenforceable, defendants insist such interpretation is necessary to safeguard the public health.

It appears that under the instant contract, plaintiff was to furnish all construction materials and filtration equipment and was also to perform all labor involved in the construction of the pool and bathhouse, including the excavating, site grading, concrete work, walkways, fencing, electrical work, painting, masonry work, roofing, carpentry, and plumbing, the latter constituting only about 5½% of the total contract price. The assistant secretary-treasurer of plaintiff corporation, James Cotner, was a licensed plumber and, according to the testimony of plaintiff's president, all plumbing was installed under Cotner's direction and supervision. The president indicated that Cotner made four or five trips to Bement to supervise this work. Plaintiff's construction superintendent personally saw Cotner at the job site when the pool piping was being installed and understood that he had also been there on other occasions. This witness recalled the names of certain other individuals who performed plumbing work but he did not know whether they were licensed to so act. It was later stipulated that these individuals did not have plumber's licenses.

A mechanics' lien must be based upon a valid contract, and in its absence the lien is unenforceable. (*Douglas Lumber Co.* v. *Chicago Home for Incurables,* 380 Ill. 87.) However, the contract's validity should be judged as of the date of its making, and unless the agreement necessarily contemplates an illegal act or necessarily involves a violation of law, the mere fact that it was performed in viola-

tion of law will not invalidate the resulting lien if not seriously injurious to the public order. (*Douglas Lumber Co. v. Chicago Home for Incurables,* 380 Ill. 87; *Meissner v. Caravello,* 4 Ill. App. 2d 428; 26 I.L.P., Mechanics' Liens, sec. 48; 12 Am. Jur., Contracts, sec. 153.) Thus it has been held that a contract made by an unlicensed individual calling for his personal services, (*Douthart v. Congdon,* 197 Ill. 349; *Keenan v. Tuma,* 240 Ill. App. 448,) or by a firm having no licensed officers or employees, (*Wright v. Baird,* 249 Ill. App. 90) is unenforceable. However, an unlicensed owner or firm may contract for the performance of services by licensed individuals. *People ex rel. State Board of Examiners v. Rodgers Co.* 277 Ill. 151; *Greenberg v. Reinken,* 197 Ill. App. 318.

In the present case, plaintiff corporation did have a corporate officer duly licensed under the Illinois Plumbing License Act and was therefore capable of entering into a valid contract for the furnishing of plumbing services. Although it is contended that the performance thereof was illegal, it clearly appears that the swimming facilities were regularly inspected by the Illinois Department of Public Health and found to be in substantial compliance with the existing health regulations. Thus, it can hardly be said that any violation of the licensing statute which may have occurred was seriously injurious to the public order.

Furthermore, the failure to utilize licensed plumbers was raised by the defendants as an affirmative defense. It is elementary that those asserting an affirmative defense have the burden of proving it, (*Abhau v. Grassie,* 262 Ill. 636; *Bauer v. Sawyer,* 6 Ill. App.2d 178,) and the Appellate Court was in error when it inferred that it was plaintiff's responsibility to negate that defense. The statute permits work not only by licensed plumbers but also by supervised apprentices. Although defendants did establish that certain individuals who worked upon the job were not licensed plumbers, they did not prove their lack of registra-

tion as apprentices. In addition, the evidence was insufficient to show that such work was not performed under the supervision and inspection of James Cotner, plaintiff's licensed plumber. It was established that Cotner was at the job site from time to time, and since the plumbing work represented a very minor portion of the construction to be performed, and since defendants did not establish either the dates of such inspections or the dates upon which the plumbing was performed, it may well have been that full compliance with the statute did in fact occur. We also find no merit in defendant's contention that nonlienable items were included in the contract price.

The judgment of the Appellate Court is reversed and the cause is remanded to the circuit court of Piatt County for such further proceedings as may be necessary to enforce its decree of foreclosure.

*Reversed and remanded.*