The City of Chicago, Appellant, *v.* Christian Roth, Appellee.

APPEAL FROM THE SUPERIOR COURT OF CHICAGO.

A laborer employed by the city can recover his wages, although the officer, whose appropriate business it was to direct the labor, disobeyed his superiors by not suspending work.

This was an action of assumpsit. The count was for work and labor. Plea, general issue.

Case submitted to court for trial without a jury. The parties filed an agreed state of facts substantially as follows:

The appellee is a carpenter, and worked on street crossings and streets in the West Division of the city, in October and

City of Chicago v. Roth.

November, 1859, twenty-three and a half days, at one dollar and a quarter per day, being $29.37. He was employed for such labor by Peter Beygeh, street commissioner of West Division, and it was done under his direction, and was necessary work.

Appellee labored on streets and crossings on West Division after the 25th November, 1859, forty-seven and one-quarter days, at the wages aforesaid, making a sum of fifty-nine dollars, six cents. This labor was done from time to time, during the time aforesaid, as called for by street commissioner, and under his direction. One-half day's work of above time was in putting up proper protections for the polling place at the March election, 1860.

Appellee has requested and demanded payment frequently of the mayor, comptroller and Common Council, of each of above amounts, which have been refused, and the whole remains unpaid.

The appropriation by the Common Council for the fiscal year, April 1st, 1859, to April 1st, 1860, to West Division, for labor on streets and crossings, including street taxes worked, was twelve thousand dollars, and Peter Beygeh, street commissioner, had notice of the amount appropriated, and was frequently reminded of it during summer of 1859.

On the 29th June, 1859, the following notice of that date, was served on said Beygeh:

"I hereby notify you that there are no means at my disposal to pay for labor or anything else, and I see no probability that there will be until the taxes are raised next winter. So if you employ any men (a single one,) it will be at your own risk for pay, as I can agree to pay nothing before January next, as the Superior Court has enjoined us from borrowing any money.

"Yours, SAMUEL D. WARD,
City Comptroller."

And afterwards, on the 23rd November, 1859, a notice of that date was also served on said street commissioner, Beygeh, as follows:

"The amount appropriated by the Common Council to be expended by you, was twelve thousand dollars in street labor. That amount is now very nearly expended, and will be certainly by the street tax to be worked out, so that there will not be another dollar to be expended in money. You will please govern yourself accordingly, as a single person employed by you, will be on your own personal responsibility, as I cannot pay one dollar beyond the appropriation, the law giving me no authority.

"Yours respectfully, SAMUEL D. WARD,
City Comptroller.

Deal et al. *v.* Dodge et al.

The foregoing, except the ordinances of the city referring to or bearing upon the issue in the case, was all the evidence given in the case. It is stipulated that all provisions of the charter and ordinances of the city bearing on the issue, are to be read by the parties from the printed and published copies of the same, and considered as incorporated in the record.

The court found for the plaintiff, and assessed the damages at $87.77.

Defendant moved for new trial, because finding was contrary to law, contrary to evidence, and ought to have been for defendant. Motion overruled, and defendant excepted.

The appellant assigns as error, the finding of the court on said issue for plaintiff below, the refusal of the court to set aside such finding and grant a new trial, and the rendering judgment on such finding for the plaintiff below.

J. LYLE KING, for Appellant.

GARRISON & ANDERSON, for Appellee.

CATON, C. J. The laborer was employed by the proper officer of the city, and under such employment did the work for the city, and if the agent of the city disobeyed the lawful orders of the city authorities to suspend the work on the streets, the officer and not the laborer is responsible for such disobedience. It would be a hard rule of law which would require the laborers on the streets of the city, when employed by the street commissioner or other proper officer of the city, to go to the mayor, or comptroller, or city clerk, and see whether the work on that street had not been ordered to be suspended. There is not and cannot be in reason any such precautionary duty imposed on the laborer.

The judgment is affirmed.                    *Judgment affirmed.*