THE SANITARY DISTRICT OF CHICAGO

*v.*

THE GEORGE F. BLAKE MANUFACTURING COMPANY.

*Opinion filed April 17, 1899.*

1. CONTRACTS—*when contract with sanitary district need not be let to the lowest bidder.* Section 11 of the act creating sanitary districts, (Laws of 1889, p. 130,) providing that contracts for work costing over $500 shall be let to the lowest responsible bidder, does not apply to a contract hiring the use of pumps from day to day for a special test at a daily rental of $42.50, even though the total amount thus earned exceeds $500.

2. SAME—*what not a defense to action on contract with sanitary district.* A sanitary district board having authorized its engineer to make a special erosion test reqüiring the use of pumps, which are rented from day to day at a stipulated price, cannot defeat an action for the amount so earned by setting up that its engineer had already expended the full amount limited by the board for the cost of the test, which limitation was not known to the plaintiff.

*Blake Manf. Co. v. Sanitary District,* 77 Ill. App. 287, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

F. W. C. HAYES, and SEYMOUR JONES, for appellant.

DUPEE, JUDAH, WILLARD & WOLF, for appellee.

Mr. Chief Justice Carter delivered the opinion of the court:

The appellee sued appellant, declaring in assumpsit on the common counts. The general issue was pleaded, trial by jury was waived, and the court found the issue for the defendant. On appeal the Appellate Court reversed the judgment and entered judgment for the plaintiff for $1200.55,—the demand sued for. The case is here on the defendant's appeal.

The case, in substance, is this: Upon the report and advice of appellant's chief engineer, the appellant, at a meeting of its trustees, decided to make what was called an "erosion test" upon a section of its drainage channel, and directed the chief engineer to make the test as recommended in his report, at a cost not to exceed $1500. The appellee proposed to appellant's engineer to furnish three pumps of the kind wanted, and a man to superintend the work of setting them up, for $42.50 per day. This proposition was accepted, the pumps were received, and the services of the man to superintend them were availed of by appellant for such a length of time as to amount in value, according to contract price, to $1200.55. Payment was resisted on two grounds: First, that appellant had no power to enter into the contract because it was not let to the lowest bidder; and second, because the expense of the test was limited by the board of trustees, when it was directed to be made, to $1500, and appellant had since then expended $1496.30 for labor and other necessary expenses in making the test, leaving nothing of the $1500 with which to pay appellee's demand.

In support of its first contention appellant relies upon the following provision of section 11 of the act of 1889 (Laws of 1889, p. 130,) to create sanitary districts: "All contracts for work to be done by such municipality, the expense of which will exceed $500, shall be let to the lowest responsible bidder therefor, upon not less than sixty days' public notice of the terms and conditions up-

on which the contract is to be let having been given by publication in a newspaper of general circulation published in said district; and the said board shall have the power and authority to reject any and all bids and re-advertise," etc. We are of the opinion that this provision of the statute has no application to the case. The contract in question was not a contract for work by appellee with appellant to cost more than $500. It was a mere hiring of pumps by appellant by the day, to be used by its engineer in making the test desired, and appellant could have discontinued their use and returned them at any time. The appellant did the work itself by its chief engineer and used appellee's pumps at a stipulated price per day, and it should be compelled to pay for them. The statute, without resorting to a strained construction, cannot be held to cover such a defense.

The second ground of defense is also devoid of merit. The board first fixed a limit to the expense, of which limit appellee had no knowledge, and then voluntarily exceeded that limit, and now sets up such excess as a reason why it should not pay appellee. If appellant's engineer exceeded his authority it should have called him to account and stopped such excessive expenditures, instead of availing itself of the benefit of them and refusing payment for what it had received. Before the making of the test was authorized the board of trustees had before it the report of the chief engineer, which showed that the use of such pumps would be necessary, and the board concurred in the recommendation of the engineer. Some authority, if any were needed, sustaining the judgment of the Appellate Court may be found in the following cases: *City of Chicago* v. *Roth*, 26 Ill. 456; *County of Cook* v. *Harms*, 108 id. 151; *Martel* v. *City of East St. Louis*, 94 id. 67; *City of Chicago* v. *Sexton*, 115 id. 230.

The judgment of the Appellate Court is correct, and it will be affirmed.                    *Judgment affirmed.*