H. Bairstow et al., Appellee, v. Northwestern University et al., Appellant.

Gen. No. 38,917.

Opinion filed December 9, 1936.

BAYLEY, WEBSTER, GREGORY & HUNTER, of Chicago, for appellant; TAPPAN GREGORY, ROBERT L. HUNTER and RALPH K. BALL, of Evanston, of counsel.

GUSTAV E. BEERLY, of Chicago, for appellee; JOHN F. DIFFENDERFFER, JR., of Chicago, of counsel.

MR. PRESIDING JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

This is an appeal from a decree of the circuit court finding that plaintiff is entitled to a mechanic's lien against the property of the defendant, Northwestern University, for the two sums of $913.95 and $2,877 for excavating work done and the removal of trees, both pieces of work being done under contracts entered into with one Gustav Seegren who was the lessee in a 100-year lease from the defendant, Northwestern University.

It appears from the 100-year lease between the Northwestern University and Seegren that the latter

was required to build a modern brick, stone, concrete, steel building, at least two stories in height, which building was not to cost less than $400,000 and to conform to the ordinances of the city of Evanston; that Seegren would be required to accept such permit as authorized by the zoning ordinances of the city of Evanston; that Seegren covenanted to replace buildings if damaged by fire, etc., complete buildings in repair, etc.; that if by January 1, 1930, Seegren *shall not have begun construction* he was to furnish a $100,000 bond, etc.

The cause was referred to a master in chancery and from the evidence it appears that Seegren entered into possession of the premises on April 1, 1929, and paid one year's rent in the sum of $21,000. In the early part of May, 1929, Seegren asked Bairstow if he would excavate for a basement, in preparation for the erection of buildings on the property herein involved. It appears that the property was designated as being in two parts, one part being known as the Ridge avenue property and the other as the Central street property. Bairstow said he would make the excavation for the store building known as the Central street property for 67½ cents a cubic yard, and for the larger building on Ridge avenue for 65 cents a cubic yard, and would remove the trees for $20 each. Seegren told Bairstow to go ahead. The excavation for the Central street building was completed and the foundation was poured by another contractor. The work was stopped in the latter part of 1929, and no further work was done on the premises by the lessee or any contractors under him and the property is at the present time, except for the rough walls of the basement on the smaller buildings and the partial excavation for the larger building on Ridge avenue, vacant and unimproved. Bairstow submitted a bill for excavating 1,364 yards of dirt at 67½ cents per yard totaling $913.95 for work on the Central street

store building, and a further bill for removing 73 trees at $20 each and excavating 2,180 yards of dirt for the Ridge avenue building at 65 cents a yard, totaling $2,877. No part of the bills as rendered was paid. It is claimed by the plaintiff that he is entitled to a lien for the total of the three items with interest.

The defendant Northwestern University, the owner of the fee of the land, alleges that the decree is erroneous as to the sum of $2,877 for the excavation work done on the large property, because the work was done without securing a building permit as required by the Evanston Building Code; that the decree for $913.95 is erroneous because the work done under plaintiff's claim constituted a part of the contract between Seegren and Bairstow and is inseparable from the balance of the contract which they claim was unlawful, being done without a permit, and which made the entire contract void.

The master in chancery to whom the case was referred reported that the work for the excavating on the Central street site, amounting to $913.95, was a valid lien on the latter premises, but the bill for the work done on the Ridge avenue building and the removal of the trees was disallowed for the reason that no permit was issued by the city of Evanston for doing the latter work.

The evidence shows that the property involved in this proceeding is a piece of vacant land containing about five acres, one small lot of which about 60 x 125 feet at the extreme southwest corner is zoned under the ordinances of the city of Evanston, Illinois, as Class C Commercial District and that the balance of the property was zoned as a residential district; that the permit for the erection of the Central street building was applied for on May 16, 1929 and was issued on July 14, 1929, in due form, permitting the construction of said building on said southwest corner; that

no permit was ever issued by the Building Commissioner of the city of Evanston or anyone else for the work to be done on the larger piece of property on Ridge avenue and, therefore, the work performed on the larger piece of property was illegal and contrary to the express provisions of section 410 of Article IV of the Ordinances of the city of Evanston, Illinois.

Section 410, Article IV, of the Evanston Municipal Code of 1927, in force when the alleged Bairstow-Seegren contract was entered into, and the work done thereunder, is as follows:

"Section 410. *Permit Required for Building Operations*. It is hereby declared unlawful for any person, firm or corporation to commence or to perform any work in connection with the construction, erection, enlargement, remodeling, altering, repairing, raising, lowering, underpinning, moving or wrecking of any building, structure or portion thereof, without having first made application to and secured from the Building Commissioner the necessary permit therefor, except as hereinafter provided, and any person, firm or corporation so doing shall be subject to the general penalty for violation of the Building Code. The building permit shall carry with it the right to install any crane, derrick, material elevator, heating or lighting apparatus, inside the lot line, which may be required for temporary use during the progress of the work."

In *Douthart v. Congdon*, 197 Ill. 349, where a broker who transacted business without a license in violation of a village ordinance, sought to collect his fees, the court quoting (from Am. & Eng. Enc. of Law, 2nd Ed., Vol. 4) at page 355 says:

" 'Where, by the terms of the statute or city ordinance, it is made illegal for a broker to exercise his business without a license, a broker cannot recover commissions for services rendered without such license.' "

In the case of *Duck Island Hunting & Fishing Club v. Gillen Dock, Dredge & Const. Co.,* 330 Ill. 121, at page 132, the court said:

". . . where . . . the legislative intention clearly appears to declare an act unlawful no contract for the performance of that act can be enforced. . . ."

In the case of *Miller v. Ammon,* 145 U. S. 421, wherein the plaintiff sought to recover for the sale of liquors which he had sold without first having obtained a license therefor from the city, the court at page 426, said:

"There can be no civil right where there can be no legal remedy; and there can be no legal remedy for that which is itself illegal."

In the case of *William H. Brown & Co. v. John F. Owens and Nicholas Schmidt,* 248 Ill. App. 661 (not reported in full) Appellate Court No. 32,314, was a case in which a contract was let for the removal of a house and placing it on a 25-foot lot and a permit was issued by the city of Chicago for the doing of that work. The house was 22 feet 4 inches wide and the city ordinance required that there should be a three-foot passageway between buildings; therefore, to place the house on a 25-foot lot would be in violation of the city ordinance. The contractor who moved the house not having been compensated for his work brought an action for a mechanic's lien which was disallowed in the circuit court. In the opinion written by Mr. Justice Wilson then of this court, after citing the case of *Miller v. Ammon,* 145 U. S. 421, and in affirming the decree of the circuit court and dismissing the bill for want of equity, he stated as follows:

"The complainant was to be reimbursed by reason of the removal of the building to the lot in question, knowing that it would be in violation of the city ordinance to place it upon the lot in question under the terms of his contract, and he was therefore as much

involved in the attempt to defeat the ordinance as the party with whom he had contracted, namely, the owner. Courts will not aid such parties in obtaining relief from a situation in which they have placed themselves with full knowledge of such facts."

It is quite apparent from the facts before us that the plaintiff knew that a permit was necessary before doing the work on the Ridge avenue building and the removal of the trees, for the reason that the permit which was issued was restricted solely to the Central street building. It is also apparent that the assistant business manager of the defendant, Northwestern University, knew the work was being done.

It is further contended by the defendant that the contract was an entirety and that part of it being invalid, plaintiff cannot recover for any of the work performed. The master held differently and in substance that the contract was separable and that the plaintiff would be entitled to recover the amount of $913.95, for the work done under a permit issued by the city of Evanston.

On behalf of plaintiff it is contended that the contracts are divisible.

In the case of *Siegel, Cooper & Co. v. Eaton & Prince Co.*, 165 Ill. 550, at page 558, the court in passing upon the question of entirety of contract, said: "If the part to be performed by one party consists of several distinct and separate items, and the price to be paid by the other is apportioned to each item to be performed or is left to be implied by law, such a contract will generally be held to be severable; and the same rule holds where the price to be paid is clearly and distinctly apportioned to different parts of what is to be performed, although the latter is in its nature single and entire."

We believe that the excavating work done and the removal of the trees on the Ridge avenue property,

without first having obtained a permit from the city of Evanston, precludes the enforcement of a mechanic's lien against the defendant for such work. Courts will have no part in enforcing claims based upon the violation of the law.

We are further of the opinion that the contract was severable and not an entirety. The issuing of a permit for the Central street property as distinguished from the Ridge avenue property, shows that it was the intention of the parties to treat them as severable. It is also our opinion that the sustaining of the exceptions to the master's report and allowing a lien for the excavation work on the Ridge avenue property and the removal of the trees was error under the law and the facts as set forth in this record and that the master's report was correct in disallowing such items as well as allowing a lien on the Central street property for $915.95. The master was also correct in allowing the prayer of the cross-bill removing the lien on the Ridge avenue property as a cloud upon the title of the Northwestern University.

For the reasons herein given the decree of the circuit court is reversed and the cause is remanded with directions to enter a decree finding the plaintiff entitled to a lien for $913.95 on the Central street property and also decreeing the removal of the lien on the Ridge avenue property as a cloud on the title of defendant's property, the costs to be divided equally between the plaintiff and the defendant.

*Decree reversed and cause remanded with directions.*

HEBEL and HALL, JJ., concur.