George Meissner, Plaintiff Below, v. Salvatore Caravello, Defendants Below.
Ilice Construction Company, Intervening Petitioner-Appellant, v. Robert A. De Rose et al., Respondents-Appellees.

Gen. No. 46,348.

First District, First Division.

December 13, 1954.

Rehearing denied January 3, 1955.

Released for publication March 7, 1955.

Weinstein & Myer, and Walter N. New, both of Chicago, for appellant; M. J. Myer, and Walter N. New, both of Chicago, of counsel.

Anthony Rotunno, of Chicago, for appellees; G. A. Buresh, of Chicago, of counsel.

MR. JUSTICE FRIEND delivered the opinion of the court.

George Meissner filed a complaint, in the superior court, to foreclose a mechanic's lien for carpenter work, against Salvatore Caravello, as lessee, and Ralph and Florence Fick, husband and wife, and Robert A. De Rose, as owners, of an existing building located at 2902–04 West Armitage avenue in Chicago. Ilice Construction Company, hereinafter referred to as plaintiff, filed an intervening petition to foreclose a mechanic's lien, claiming $5,724 for masonry work and material furnished in the same alteration and improvement of

the building. The lessee Caravello was defaulted for failure to appear or answer. Judgment was entered in favor of Meissner, the original plaintiff, against the defendants for $587.10 and was satisfied in open court. There remained for disposition only the claim of Ilice Construction Company on its intervening petition. The cause was referred to a master for a hearing. After all proofs were closed and more than three years after plaintiff's intervening petition had been filed, De Rose and the Ficks (hereinafter referred to as defendants) made a motion, supported by affidavit, for summary judgment on the ground that no permit had been issued for the improvement made by plaintiff. This defense had not previously been made by defendants in their answer or amended answer. Plaintiff thereupon moved to strike the motion for summary judgment on the ground, among others, that it was not well founded in law. The court entered an order denying plaintiff's motion to strike, allowed defendants' motion for summary judgment, and dismissed the intervening petition, from which plaintiff appeals.

The order dismissing the petition provided that if plaintiff would produce and exhibit to the court within five days thereafter a proper permit for the doing of the work, the chancellor would entertain a motion to vacate the order. Three days later plaintiff produced such a permit, together with its motion to set aside and vacate that order. That motion was supported by an affidavit stating in substance that the lessee Caravello, with whom plaintiff had orally contracted to do the work, had agreed to obtain the necessary building permit; that plaintiff believed that Caravello, in accordance with his agreement, had obtained the permit; that plaintiff first learned that no permit had been obtained when defendants filed their motion for summary judgment, and thereupon it made application to the commissioner of buildings of Chicago for a per-

430

mit; and that a proper permit for doing the work involved was issued by the commissioner, as evidenced by a photostatic copy thereof attached to the affidavit.

Defendants then filed an answer to plaintiff's motion to vacate the order of dismissal in which they asserted that plaintiff had been dissolved as a corporation and therefore could not apply for a permit; that the permit had not been obtained before the work was commenced and, the work having been performed in 1949, some four years prior thereto, without a permit, it could not subsequently be legalized; that the statute of limitations had run on the claim; that the permit had conceivably been obtained by fraud if the commissioner had not been informed that the work had already been completed (although fraud was not alleged).

■■ In their motion for summary judgment defendants contended that plaintiff's failure to obtain a building permit before commencement of the improvement made illegal the contract under which the work was performed, and consequently barred plaintiff from enforcing its claim for mechanic's lien. It may be conceded that a valid contract is one of the prerequisites for a mechanic's lien, but it does not follow that plaintiff's contract in the instant proceeding was illegal because a building permit had not been issued before the work was commenced. The contract itself contained no trace or suggestion of illegality. As stated by Williston in his work on Contracts (Rev. Ed. 1938, vol. VI, sec. 1767, pp. 5018–5019): "In general, unless a bargain necessarily contemplates an illegal act, it is not unenforceable, and if it is later performed in a way that involves some slight violation of law, not seriously injurious to the public order, the person performing may recover on his bargain. This principle may be stated more broadly: 'Where a bargain does not in terms necessarily involve a violation of law, the fact that plaintiff performs it in a way not allowed by

431

law, does not preclude recovery, if not seriously injurious to the public order.'" There is similar language in 12 Am. Jur., Contracts, sec. 153, p. 647: "Accordingly, where a contract could have been performed in a legal manner as well as in an illegal manner, it will not be declared void because it may have been performed in an illegal manner, since bad motives are never to be imputed to any man where fair and honest intentions are sufficient to account for his conduct. The rule has been stated to be that if an agreement can by its terms be performed lawfully, it will be treated as legal, even if performed in an illegal manner; . . ." This reasoning is reflected in Illinois law; in Zeigler v. Illinois Trust & Savings Bank, 245 Ill. 180, the court said: "The laws and the public policy of the State permit and require the utmost freedom of contracting between competent parties, and it is only when a contract expressly contravenes the law or the known public policy of the State that courts will hold it void." In the instant case the contract did not provide for or require the violation of any law and was therefore not an illegal contract.

The provisions of the City of Chicago ordinances upon which defendants rely are as follows: "43–1 It shall be unlawful to proceed with the erection, enlargement, alteration, repair, removal, or demolition of any building, structure, or structural part thereof within the city unless a permit therefor shall have first been obtained from the commissioner of buildings. . . . 43–11 No person shall begin any work for which a building permit is required or any work of excavation in preparation therefor until the permit has been obtained. If any person violates this section the commissioner of buildings shall order the work stopped at once and enforce that order in addition to the penalty for the violation. . . . 45–10 In all construction work for which a permit is required, the approved and

stamped drawings, plans, and permit shall be kept on file at the construction site while the work is in progress." These ordinances do not prevent recovery in the event a permit is not first obtained, but exact penalties for their violation. We construe the ordinances to mean that penalties may be exacted in case of violation, but there are no prohibitory words indicating that a party is precluded from recovering on the contract. The ordinances were presumably enacted in order to give the building department an opportunity to deny a permit for valid reasons, but if the work has been done safely and lawfully no harm has been done. Defendants argued that a permit issued in 1953 certifying that work performed in 1949 was legal and in compliance with the building code may be invalid, and that it would be a question of fact whether the work was legally performed and in compliance with the ordinances, to be considered on the motion to dismiss the petition for summary judgment. However, we find that the motion for summary judgment contains no allegation that the work was in violation of the building ordinance, and therefore this issue was not presented to the court.

Both sides cite and rely on Bairstow v. Northwestern University, 287 Ill. App. 424. There a mechanic's lien was denied for excavation work and removal of trees done without having obtained a building permit, as required by the ordinances of the City of Evanston. It appears from the opinion that the building which was to be constructed violated the zoning provisions of the municipality. Two parcels of land were involved in that case. The building to be erected on one of the parcels complied with the zoning law, the building to be erected on the other did not. A building permit was obtained for the former but not for the latter, and it was for the latter that the mechanic's lien was denied. It thus appears that a building permit could not have

been obtained because the contemplated structure failed to meet the zoning requirements, but this is not true in the case at bar. There is nothing to suggest that a building permit could not have been obtained, or that the work was in violation of the building code; and in fact, after the improvements had been completed, and when plaintiff first obtained knowledge that a building permit had not been obtained, it made application for, and was given, one. Hence, in the present case the work done was not in violation of any law, whereas in the Bairstow case the failure to obtain a building permit was integrally connected with the illegality of the construction which was in violation of the zoning ordinance. The Bairstow case does not support defendants' position.

■ From the numerous decisions cited by the parties in their respective briefs we have reached the conclusion that the weight of authority holds that failure to obtain a building permit does not preclude recovery for work and materials furnished. The Illinois cases which denied recovery for lack of a building permit indicate that a permit could not have been obtained because the work was done illegally. Douglas Lumber Co. v. Chicago Home for Incurables, 380 Ill. 87; Konstant v. Maggos, 315 Ill. App. 131.

It should be noted that the failure to issue a building permit was an oversight, that the public welfare which these ordinances were calculated to protect was not injured, and that the building commissioner was evidently satisfied that the improvements were legally performed and in compliance with the building code.

■ The remaining point urged by defendants is that the trial court's decree should be affirmed inasmuch as plaintiff had been dissolved as a corporation in 1951, although its intervening petition had been filed in 1950. Defendants raised this same point in a previous motion for summary judgment which had been denied; it was not involved in the motion for summary

judgment which the court allowed, nor the motion to vacate which had been overruled. These rulings are the only ones from which an appeal is taken; no cross-appeal was filed.

The only two questions involved upon the hearing before the master under the pleadings were whether defendants knowingly permitted the work to be done, and whether the improvements were of a permanent nature; these issues were never resolved. Since we hold that the trial court erred in allowing defendants' motion for summary judgment, dismissing the suit and overruling plaintiff's motion to vacate the summary judgment, those orders are reversed and the cause remanded with instructions to vacate the orders and to proceed with the hearing before the master on the issues involved.

Orders reversed and cause remanded with instructions.

BURKE, P. J. and NIEMEYER, J., concur.