South Center Plumbing & Heating Supply Company, Plaintiff-Appellee, v. Mary Ella Charles, Defendant-Appellant.

Gen. No. 51,755.

First District, First Division.

November 20, 1967.

Rehearing denied February 6, 1968.

David J. Maddox, of Chicago, for appellant.

Milton D. Frifeld, Charles N. Brusso, and Harold Stotland, of Chicago, for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

Plaintiff, South Center Plumbing and Heating Supply Company, Inc., entered into a written contract with the defendant, Mary Ella Charles, whereby plaintiff was to furnish labor and materials in the removal and relocation of the plumbing in the first apartment of a three-flat building at 8052 South Eberhart Avenue. During the progress of the work, the defendant became dissatisfied with the work and employed others to complete the job. In one count of the complaint, plaintiff sued the defendant for the contract price, and in the other count sued for labor and materials furnished. After a trial by jury a verdict was returned in favor of plaintiff in the sum of $4,000, which sum included a down payment of $500. The trial judge properly reduced the amount of the verdict to $3,500, excluding the down payment which was already in the possession of plaintiff and entered judgment thereon. Defendant appeals from the judgment entered.

The defendant contends, on appeal, that the failure of the plaintiff to comply with the requirements of Article 82, paragraph 3 of the Municipal Code renders the contract null and void. It is her contention that the Plumbing

16

Ordinance of Chicago became part of the contract to remodel, and that by its failure to obtain a permit and furnish plans in compliance with the statutory mandate the plaintiff breached the contract. She further contends that this breach was of such a substantial nature so as to defeat the claim of the plaintiff to recover either on the contract or on quantum meruit.

The provisions of Article 82, paragraph 3 of the Municipal Code relied on by the defendant, are as follows:

82–3: No person shall construct, add to, alter, or use any part of a plumbing system within buildings, public or private, until plans have been examined and approved by the Department of Water and Sewers, Department of Buildings, and other authorized departments, and a permit is issued and the fees paid. No plans shall be required for such portions of a plumbing system as are classed by this Chapter as minor repairs, which do not include the extension or reconstruction of soil, waste, and vent pipes or supply pipes or the addition of fixtures. Plans of each floor, or typical floors, shall be presented in duplicate and shall fully show the plumbing system, including drains, soil, waste, vent, re-vent pipes, traps, and all plumbing fixtures and all main water supply pipes within the building. Plans shall be legibly drawn and reproductions shall be clear at a scale of not less than one-eighth inch to the foot.

It is well established that the appellant can only raise in this court those issues which were specified in the post-trial motion. Nelson v. Union Wire Rope Corp., 31 Ill2d 69, 199 NE2d 769. Chapter 110, section 68.1(2) of the Illinois Revised Statutes requires that a post-trial motion particularly state the grounds relied upon for re-

versing the judgment of the trial court. The plaintiff maintains that the defendant may not raise the issue of plaintiff's noncompliance with the Plumbing Ordinance of Chicago because she did not raise this issue in her written post-trial motion. In the third paragraph of her post-trial motion the defendant stated that: "The court erred in its failure to take judicial notice of Chapter 82, Section 3 of the Municipal Code of the City of Chicago relating to the obtaining of a permit to relocating plumbing in the premises herein described."

██ We believe there is much merit to the argument that the issue before us was not specifically raised in the post-trial motion with the particularity required by the statute. Nevertheless we have considered the matter on its merits. The laws, including ordinances, that are in effect at the time and place of the contract's formation affecting its validity, construction, discharge, and enforcement, are incorporated into the contract itself. Archibald v. Board of Education, 19 Ill App2d 554, 154 NE2d 867. However, not all violations of law brought about in the performance of a contract are considered serious enough to prevent recovery on the contract by the party who violates the law, even though that party has in a technical sense breached the contract. Where a slight violation of the law is involved by which the public interest is not harmed in a substantial way the breach of the contract will be overlooked, and recovery on the contract will be allowed. Meissner v. Caravello, 4 Ill App2d 428, 124 NE2d 615.

█ The intent of the legislature in formulating the statute that has been violated, the character of the illegality involved, and the way in which the court can best subserve the public interest and welfare are important factors for the court to consider in determining

18

whether or not the artisan can recover under the contract. 6A Corbin on Contracts, § 1533.

The record shows that the plaintiff did not obtain a permit for the work to be performed or submit plans for the approval of the City department. However, the obtaining of a permit was not required by the contract; and no complaint was made by the city that the work performed by the plaintiff did not conform to existing code standards. A similar situation was presented to this court in Meissner v. Caravello, 4 Ill App2d 428, 124 NE2d 615. In that case a masonry contractor sought to foreclose on his mechanic's lien. The defense raised by the owner of the building was that the lienor had failed to obtain a city permit as was required by the city ordinance, and therefore was precluded from a recovery for its work. The ordinance which the lienor had violated in the Meissner case required, as does the ordinance in the instant case, the filing of plans and the obtaining of a permit prior to the making of certain structural changes in a building. In Meissner this court held that because the contract involved did not provide for or require an act violative of any law it was not illegal. The court held that the ordinance that the lienor had violated had been enacted ". . . in order to give the building department an opportunity to deny a permit for valid reasons, but if the work has been done safely and lawfully no harm has been done. . . ." (Page 433.) The court allowed the lienor to recover in Meissner because the ordinance did not prevent recovery on a contract if the provisions of the ordinance were violated; and for the reasons that ". . . the public welfare which these ordinances were calculated to protect was not injured, and that the building commissioner was evidently satisfied that the improvements were legally performed and in compliance with the building code. . . ." (P 434.)

We feel that our decision in the instant case is governed by the Meissner decision. The ordinance which plaintiff has violated does not prohibit recovery for services rendered by the artisan who violates its terms; nor does the ordinance demonstrate any legislative intent to declare contracts illegal which are performed in violation of the permit and filing requirements. The record does not show any harm to the public welfare by the way in which this particular contract has been carried out. A technical breach of contract as in the instant case does not require us to declare the contract illegal unless there is a serious effront to the public policy embodied in the ordinance. Such an effront has not been shown here.

The case of Archibald v. Board of Education, 19 Ill App2d 554, 154 NE2d 867 is not applicable. That case was decided on plaintiff's failure to show compliance with the written terms of his contract, a condition precedent to his right to recover; the question of the legality of the contract involved was not presented to the court for decision.

For the reasons given the judgment is affirmed.

Affirmed.

MURPHY, P. J. and ADESKO, J., concur.