City of Evanston, a Municipal Corporation, ex rel. Nels
 J. Johnson, N. J. Properties, Inc., a Corporation, and
 Charlotte Ziporyn and Nels J. Johnson, N. J. Prop-
 erties, Inc., a Corporation, and Charlotte Ziporyn,
 as Taxpayers of the City of Evanston, Illinois, and
 on Behalf of All Other Taxpayers Similarly Situated,
 Plaintiffs-Appellants, v. Ernest Risinger, d/b/a
 Boyer Tree Experts, and Hartford Accident and In-
 demnity Co., a Corporation, Defendants-Appellees.

Gen. No. 53,123.

First District, Third Division.

November 13, 1969.

420

Raymond L. Jones, of Chicago, for appellants.

McCarthy, Scheurich, Duffy & McCarthy, of Chicago (John M. Duffy and Frank K. Neidhart, of counsel), for appellees.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

This is a proceeding in chancery commonly known as a taxpayer's suit. It is brought in the name of the City of Evanston by the relators, as taxpayers of Evanston, pursuant to statute (Ill Rev Stats, c 24, § 1-5-1 (1961)). The complaint alleges that city officials of Evanston awarded a contract to Ernest Risinger, d/b/a Boyer Tree Experts (Risinger) in violation of certain city ordinances and of chapter 24, section 8-9-1 of the statute and it sought the return of all moneys paid to Risinger

pursuant to the contract and the payment by Hartford Accident and Indemnity Company (Hartford) of $10,000 pursuant to the provisions of a penalty bond whereby Hartford had indemnified the city in connection with the contract entered into with Risinger. The matter was referred to a master in chancery who heard the evidence, made findings for the defendants and recommended that a decree be entered dismissing the suit for want of equity. The trial court after hearing arguments on exceptions to the report dismissed the suit and the relators have appealed.

Appellants contend that the agreement between the city and Risinger was void for the following reasons: (1) it was let without advertising for bids, in violation of the Evanston City Code, (2) Risinger had no valid city license to engage in the business of tree trimming, and (3) Risinger did not furnish a performance bond as required by the Evanston City Code. With respect to the defendant Hartford, the appellants contend that because of Risinger's breach of his duties, Hartford should have been held liable on the penalty bond. The facts follow.

On January 8, 1963, Thomas Carlson, Superintendent of Parks of the City of Evanston, sent invitations to several tree experts to bid on the 1963 pruning project for parkway trees. The city received three bids. The low bid of $3.15 per man hour was made by Risinger. Relator Nels Johnson was a competitor of Risinger and was one of the unsuccessful bidders. On February 1, 1963, Risinger was awarded a contract which ran from February 4, 1963, to August 23, 1963. The city had the right however *to terminate the contract upon 24 hours notice.* Risinger's company performed the work and billed the city at the rate of $3.15 per man hour. The city paid the amounts billed which totaled $34,867.34.

█ The first contention is that the agreement was void because the city did not advertise for bids as re-

quired by law. The Evanston City Code provides that all contracts exceeding the sum of $1,000 in amount and relating to any matter under the control of the Department of Public Works shall be let to the lowest responsible bidder after advertising in some publication of general distribution. (Evanston City Code, c 2, §§ 2–62, 2–63.) Defendants contend that since the contract was merely for $3.15 per hour and could be terminated by the city at any time, it was not a contract exceeding $1,000 in amount.

A similar issue was involved in Sanitary Dist. of Chicago v. Blake Mfg. Co., 179 Ill 167, 53 NE 627. There the court held that a contract to supply pumps and a man to superintend them at $42.50 per day was not one which exceeded $500 in value, even though the Sanitary District was ultimately liable for $1,200.55 under the contract. The court concluded that since the contract could be terminated at any time, it was a mere hiring of pumps by the day, did not exceed $500 in value and hence could be entered into without requiring the Sanitary District to advertise for bids. In the instant case the contract was by the hour and could be terminated by the city at any time on 24 hours notice. Under the holding aforesaid the contract before us was not one which exceeded $1,000 and the city was not required to advertise for bids.

■ The second contention is that the agreement is void because Risinger was not licensed, as required by the Evanston City Code, to do the work in question. It is undisputed that he had been licensed by the city to engage in the business of tree trimming continuously from 1951 to January 30, 1963. It is also undisputed that on January 31, 1963, he paid the required $15 fee and a license was issued to him for the year ending January 30, 1964. Appellants contend, however, that the license was void because it was not issued in the manner prescribed by the code, which requires formal

application and examination in addition to a bond before a license may be issued. (Evanston City Code, c 45, §§ 45.9–45.13.) They charge that Risinger did not furnish the requisite bond until May 22, 1963. In support of their contention that Risinger's agreement with the city was void appellants cite Paddock v. Glennon, 45 Ill App2d 362, 196 NE2d 385. That case was reversed by the Supreme Court of Illinois in Paddock v. Glennon, 32 Ill2d 51, 203 NE2d 421. There suit was brought to foreclose a mechanic's lien. The defendant contended that its contract with the plaintiff was in violation of the Plumbing License Law (Ill Rev Stats, c 111½, § 116.-38 (1961)) and therefore was unenforceable. After setting out the rule that a mechanic's lien must be based on a valid contract if it is to be enforceable, the court said (p 53):

> "[U]nless the agreement necessarily contemplates an illegal act or necessarily involves a violation of law, the mere fact that it was performed in violation of law will not invalidate the resulting lien if not seriously injurious to the public order."

Risinger had been licensed by the city for many years to engage in the business of tree trimming. The information required in the formal application was no doubt on file from his previous licenses and his many years in the tree trimming business must be considered proof of his fitness to perform the work. Although he did not furnish the bond until May 22, 1963, it was by its terms effective as of January 30, 1963, and thus covered the entire term of the license. It cannot be said that the technical violation of the licensing ordinance which occurred was in any way injurious to the public order. See, Douglas Lumber Co. v. Home for Incurables, 380 Ill 87, 43 NE2d 535; Meissner v. Caravello, 4 Ill App2d 428, 124 NE2d 615.

■ Appellants next contend that the agreement between Risinger and the city was void because Risinger did not furnish a performance bond as required by sections 2–62 and 2–72 of the Evanston City Code. Section 2–62 applies only to contracts the amount of which exceeds $1,000. Our holding that this contract does not exceed $1,000 renders that section inapplicable. Section 2–72 provides as follows:

> "*Whenever any work or improvement of sufficient hazard or magnitude to require a bond* is let by contract to any person, the officers of the city letting the same shall, in all cases, take a bond from such person, with good and sufficient sureties in such amount as shall not only be adequate to insure the performance of the work in the time and manner required in such contract, but also to save and indemnify and keep harmless the city. . . ." (Emphasis added.)

It is undisputed that these bonds were neither required by the city officials nor furnished by Risinger. No evidence was offered at the hearing before the master to determine whether the work contemplated was "of sufficient hazard or magnitude to require a bond" nor does the complaint contain an allegation to that effect. Hence the applicability of section 2–72 to the facts of the instant case was not presented to the lower court. In their brief appellants merely assert: "It is obvious that the tree trimming job was hazardous and of sufficient magnitude to fall within the provisions of § 2–72." That issue was not presented to or considered by the master or chancellor and it cannot be raised for the first time on review. Woman's Athletic Club v. Hulman, 31 Ill2d 449, 202 NE2d 528; Pefferle v. Prairie Mills, Inc., 72 Ill App2d 440, 218 NE2d 247.

■ If we assume that the work contemplated was such as to require application of section 2–72 of the

Evanston Code, Risinger's failure to furnish the bond required by the statute would not thereby render the agreement void. The reason a performance bond is generally required in cases such as this is to insure compliance with the terms and conditions of the contract. In the case at bar the court approved the master's finding that Risinger had substantially complied with the specifications and all other obligations under the agreement. It is not contended that the work done was improperly performed and there is no just basis for holding the agreement void and requiring Risinger to pay back the money he received in payment for his services.

Appellants' final contention is that Hartford is liable to the City of Evanston on its penalty bond for violation of the contract by Risinger. Risinger's bond with Hartford as surety guaranteed that he would faithfully observe the provisions of the city's ordinances with respect to the "planting, removing, trimming, spraying or otherwise treating trees and shrubs. . . ." The master specifically found that Risinger properly performed his work and the trial court approved the finding. Appellants do not challenge that finding. Their claim that Risinger failed to comply with the licensing and bonding provisions of the code is not within the coverage of Hartford's bond, since it guaranteed faithful compliance only with those ordinances relating to the performance of the contract. The trial court properly dismissed the suit for want of equity and the judgment is affirmed.

Judgment affirmed.

DEMPSEY, P. J. and McNAMARA, J., concur.